MARGARET ALLEN, APPELLANT, V. LOUIS H. TRESTER ET AL.,
APPELLEES.

FILED JULY 31, 1924. No. 22739.

1. Master and Servant: INJURY TO MINOR: RIGHT OF ACTION. A
common-law right of action by a parent for loss of wages of his
minor son during minority on account of injuries caused by negli-
gence of his employer is not barred or taken away by the work-
men's compensation act of this state.

2. ———: WORKMEN'S COMPENSATION ACT: CONSTITUTIONALITY.
That part of section 4, ch. 85, Laws 1917, amending section 3656,
Rev. St. 1913 (Comp. St. 1922, sec. 3038, subd. 2) by adding to
subdivision 2 the following words, "No parent or guardian of
an injured minor employee shall be entitled to recover any
damages by reason of said injury other than as expressly pro-
vided in this article," is unconstitutional for the reason that said
amendment is not germane to the subject-matter of the section
amended.

3. Paupers: RIGHT OF ACTION. No cause of action arises at com-
mon law in favor of an indigent person against a negligent
employer for injuries disabling one who is liable under section
5140, Comp. St. 1922, if of sufficient ability, to support said poor
person, and since no statute confers such right upon such poor
person no such cause of action exists.

4. Master and Servant: INJURY TO EMPLOYEE: LIABILITY OF FORE-
MAN. A foreman of a corporation employer, whose negligence
caused personal injuries, is a joint tort-feasor and liable jointly
and severally with the corporation in an action to recover losses
caused by such injuries.

APPEAL from the district court for Lancaster county;
WILLARD E. STEWART, JUDGE. *Reversed.*

*Sterling F. Mutz* and *W. C. Parriott,* for appellant.

*Fawcett, Mockett & Tou Velle, F. B. Baylor* and *A.
Moore Berry, contra.*

HEARD before MORRISSEY, C. J., LETTON, DEAN, DAY,
GOOD and THOMPSON, JJ., and REDICK, District Judge.

PER CURIAM.
This action is brought by the plaintiff, Margaret Allen,

surviving parent, to recover damages which she claims to have been sustained by reason of personal injuries suffered by her minor son, Delbert Allen, alleged to have been caused by negligence of the defendants. It is alleged that said minor son is totally incapacitated both mentally and physically by reason of said injuries, that plaintiff is a poor person wholly dependent upon her son for her support, that he has been precluded by his injuries from earning money or furnishing her further support, and that she has been damaged in the sum of $15,598.33 by reason of the premises.

Plaintiff's action is of a dual character: First, an action at common law to recover her pecuniary loss of wages of her son during minority occasioned by negligence of the defendant; and, second, an action based upon the pauper statute, Comp. St. 1922, sec. 5140, for loss of support, she being dependent upon her son's earnings. A demurrer to the petition was sustained by the lower court, and plaintiff declining to plead further the action was dismissed. Plaintiff brings the case here for review.

The question presented by the record is a new one in this jurisdiction. Plaintiff's son and his employer, Trester Wrecking Company, are within the provisions of and governed by the workmen's compensation act of this state, so, as between them, all other methods of compensation, except as provided by that act, are barred. The question for decision is whether or not the action of the plaintiff, under the common law, or under the pauper statute, one or both, are also barred by that act. As the act stood prior to 1917 there was no express provision in it by which the right of action of the parents for the loss of such services was affected and the common law action of the parent for loss of services remained unimpaired. In some states the statutes in specific words, or by clear implication, deprive the parents of minor workmen coming under the compensation act of the right to bring the common-law action. The Nebraska statute contained no such provision prior to 1917. Evidently, this omission having been observed by interested parties, it was brought to the attention of the legislature, and an at-

tempt was made to amend section 15 of the original act, (Laws 1913, ch. 198), being section 3656, Rev. St. 1913 (later appearing as section 3038, Comp St. 1922). The section is as follows, so far as pertinent to the present case: "The terms 'employee' and 'workman' are used interchangeably and have the same meaning throughout this article. The said terms include the plural and all ages and both sexes, and shall be construed to mean : * * * (2) Every person in the service of an employer who is engaged in any trade, occupation, business or profession as described in section 97 of this chapter, under any contract of hire, express or implied, oral or written, including aliens and also including minors who are legally permitted to work under the laws of the state, who for the purpose of making election of remedies under this Code shall have the same power of contracting and electing as adult employees." The intention was to amend by adding the following: "No parent or guardian of an injured minor employee shall be entitled to recover any damages by reason of said injuries other than as expressly provided in this article." If this amendment is valid and effectual, plaintiff has no cause of action. and the judgment must be affirmed.

Plaintiff contends that the amendment is unconstitutional because (1) the title of the act is not broad enough to cover the amendment. (2) The amendment is class legislation and discriminatory. (3) The amendment is not germane to the section amended. We think the first objection is not well taken as the title of the original act is broad enough to include any provision touching the liability of an employer to any person on account of injuries to the employee. The second objection we need not consider in view of our conclusions upon the third. It is the settled law of this state that where the title to a bill is to amend a particular section of an act no amendatory legislation not germane to the subject-matter of the section proposed to be changed is permissible. *Miller v. Hurford,* 11 Neb. 377; *State v. Tibbets,* 52 Neb. 228, in which the cases are collected and the subject considered at length; *State v. Bowen,* 54 Neb. 211; *Armstrong v. Mayer,* 60 Neb. 423.

Is the amendment germane to the subject-matter of the original section? We are forced to a negative conclusion. The subjects of the original section 15 were: (1) The description or definition of those who should be considered employees under the act, including minors who might be legally employed; and (2) giving minors the same authority to contract and elect under the act as is possessed by adults. It cannot be doubted that any amendment affecting the status of the minor as an employee, or his newly conferred power to contract and elect, would be proper and germane to the subject of this section, but we are unable to perceive any relation of those subjects to common law or statutory rights of action existing in the parent. The language of section 15, prior to the amendment, suggests no thought of remedies, or of the rights of parents or guardians. These are subjects entirely foreign to the section. Again, these matters are the subject of section 11. The amendment in question would doubtless be germane to the subject of section 11. Section 11 does not purport by the contract of the minor to bind the parent, but only the "employee himself, *and for compensation for his death* shall bind his *legal representatives, his widow, and next of kin,*" etc. We must declare the law as we find it, and we are driven to the holding that the amendment is not germane to section 15 and violative of section 11, art. III of the Constitution, and is therefore ineffectual. While, as before stated, the title to the original act is broad enough to cover the subject of this amendment, the title is no part of the enactment, and, therefore no matter how broad the title, the particulars of the law must be found, it at all, in the body of the act.

The next question requiring attention is the contention of defendant that the employers' liability law is a surrender of any compensation to any person on account of injuries to the employee, other than as provided in the act. Except in the single case of death, the language of the act does not purport to affect any claims other than those of parties to the contract, it being: "Such agreement or the election hereafter provided for shall be a surrender *by the*

*parties* thereto of their rights to any other method, form or amount of compensation." Comp. St. 1922, sec. 3034. The statute having expressly provided who shall be bound by the contract and under what circumstances, persons, such as parents, not included in its terms, are not bound upon the familiar principle of construction, *"Expressio unius est exclusio alterius."* If the construction contended for by defendants is proper, the amendment was unnecessary. The legislature evidently considered that the matter of the amendment was not covered by sections 11 and 15. We cannot attribute to the legislature an intention not deducible from the language of the act and hold that the act provides for surrender of the parent's rights.

Defendant Trester cites the following cases: *Adkins v. Hope Engineering & Supply Co.*, 81 W. Va. 449. This holds that if the provisions of the statute as to giving notice by the employer have been followed, the workmen's compensation act deprives the father of his common-law action for loss of wages and service of a minor son. A like provision is in the statute of New Jersey, Laws 1911, ch. 95, sec. 2, par. 9. In *Hartman v. Unexcelled Mfg. Co.*, 93 N. J. Law, 418, the point actually decided is not applicable here, though it is said in the opinion: "The act provides for no suit by a parent for compensation *per quod."* *Buonfiglio v. Neumann & Co.*, 93 N. J. Law, 174, was like the present case, by the parent for pecuniary loss caused to him by an injury to his minor son, and it was held that, under the statute of New Jersey providing that "the agreement shall be a surrender by the parties thereto of their rights to any other method, form or amount of compensation or determination thereof than as provided in section 2 of this act," the common-law action of the parent was barred. The decision was based upon the provision that, in the absence of notice of election by either party to the contract, the contract of hiring shall be presumed to have been made with reference to the provisions of section 2 of the act (providing compensation regardless of negligence) and that "in the employment of minors, section 2 shall be presumed to

apply unless the notice be given by or to the parent or guardian of the minor." The holding of the court as contained in the syllabus was: "Where a father permitted his minor son to work for defendant without giving the notice that the provisions of section 2 of the workmen's compensation act were not intended to apply, he accepted the provision of the statute and thereby surrendered his right to any other method or form of compensation than that therein provided." Our attention has been called to the recent case of *Novack v. Montgomery-Ward & Co.*, 158 Minn. 505. The decision is based in a large part upon the decision in the New Jersey case of *Buonfiglio v. Neumann & Co., supra*, but, as we have seen, the New Jersey statute is different from that of Nebraska, and the case does not seem to us to be proper to follow.

The Nebraska statute contains no such or similar provisions assuming to bind the parent of the minor employee except in cases where death results from the injuries, and we are clearly of the opinion that, owing to the difference in the statutes, the holdings of the New Jersey courts are not authority in this jurisdiction. Other actions have been expressly barred in several states. Kentucky Laws 1916, ch. 33, sec. 11: "And no other person shall have cause of action or right to compensation for an injury to or death of such minor employee or loss of service on account thereof, by reason of the minority of such employee." Remington's Comp. St. Wash., sec. 7673: "All civil actions and civil causes of action for such personal injuries and all jurisdiction of the courts of the state over such causes are hereby abolished."

"Shall be exclusive of all other rights and remedies for injuries to employees or for death resulting from such injuries." *Connors v. Semet-Solvay Co.*, 159 N. Y. Supp. 431.

"Save as herein provided, no employer shall be liable for any injury for which compensation is recoverable under this act." *Shade v. Ash Grove Lime & Portland Cement Co.*, 92 Kan. 146.

Perhaps the leading case on this subject in this country

is *King v. Viscoloid Co.*, 219 Mass. 420, which was an action at common law by the mother and surviving parent of a minor employee who sustained personal injuries in the course of his employment, to recover expenses incurred by her on account of such injuries and for the loss of her son's services, it was held, under the statutory provisions, that the right of no one except the employee was affected by the act, and that the waiver or election of the employee could not affect the common-law right of the plaintiff. And it was said: "The express provision in the act, that his right of action is waived or discharged by his failure to give a notice that he claimed his common-law rights, is, by recognized canons of statutory construction, an indication that it was not intended to take away the right of anybody but himself. * * * In our statute there is no direct enactment taking away the parent's right of action, and we find nothing which takes it away by necessary implication. The legislatures simply have not covered the case, as in *Parsons v. Merrill*, 5 Met. (Mass.) 356. * * * We have no right to conjecture what the legislature would have enacted if it had foreseen the occurrence of a case like this; much less can we read into the statute a provision which the legislature did not see fit to put there, whether the omission came from inadvertence or of set purpose. *Hull v. Hull* 2 Strob. Eq. (S. Car.) 174; *Kunkalman v. Gibson*, 171 Ind. 503; *United States v. Starn*, 17 Fed. 435; *United States v. Musgrave*, 160 Fed. 700."

The reasoning of the court in that case appeals to us as sound. The legislature simply have not covered the case. We are clearly of the opinion that the plaintiff's action for loss of services while her son was a minor is not barred by the employers' liability law.

Defendant Louis H. Trester, foreman of the wrecking company, is joined as being guilty of the negligent act causing the injuries to the plaintiff's son, and it is claimed that he was not an employer nor a third party, but an employee of the company, and therefore not liable. Whatever the ruling on this proposition would be in a proceeding for

compensation under the statute, this being an action at common law, it is common practice to join with the employer the servant directly responsible for the negligent act, on the principle that they are joint tort-feasors. *Churchill v. Stephens,* 91 N. J. Law, 195; *Webster v. Stewart,* 210 Mich. 13.

The remaining question for determination is whether the petition states a cause of action under the pauper act of this state. Section 5140, Comp. St. 1922, after declaring the liability, *inter alia,* of a son for the support of his indigent parent, if of sufficient ability, and that every person who shall refuse to support the indigent relative named, when directed by the county board, shall pay the county board not exceeding $10 a week. "And *provided,* further such poor person entitled to support from any such relative may bring an action against such relative for support in his or her own name and behalf." This fixes a legal liability upon the son which can be enforced either by the county board, when the conditions have been complied with, or by a direct suit by the "poor person." There is no new right of action granted against third persons by this act. No such action is known to the common law. The cases cited by appellant to support a right of action for this cause, with two exceptions, were brought under statutes which expressly confer the right, and the expressions used in each of these cases on this point are pure *obiter dictum.* These cases will now be examined.

In *Yost v. Grand Trunk R. Co.,* 163 Mich. 564, the only point involved was whether the mother, where the father had deserted the family, was entitled to bring an action for the loss of the services of the minor. The question raised in the case does not seem to have been considered by the court, or to appear from the opinion to have been within the issues, although in the last paragraph of the opinion it is said *arguendo:* "If the plaintiff is poor, under the provisions of sections 4487 and 4490, Comp. Laws, it would be the duty of the minor child, if able, to maintain her. If the duty of the maintenance of the minor child is

upon the mother when living separate from her husband, it would be hard lines to say that if his services could be of any value to her, she should not be entitled to them." The judgment was for only $300. Nothing in the opinion indicates that the mother seeks to recover under the pauper statute, and the amount of the recovery seems to show that she only sought to recover for loss of services during the period of his minority. This remark then can only be considered as *dictum*. In the present case the petition alleges the death of the father, so the question as to the right of the mother to sue for loss of services before majority is not involved.

The other case is *Gulf, C. & S. F. R. Co. v. Hall*, 34 Tex. Civ. App. 535. This holds that a parent cannot recover damages for loss of pecuniary benefits to be expected from his son after he reaches the age of 21, by reason of personal injuries to the son, unless such damages are pleaded. This implies that, if pleaded, they were recoverable, but does not so decide, and also is *obiter*.

The common-law right of action is for the value of services of the minor for the reason that all these services belong to the parent until the minor attains the age of 21 years. The pauper statute does not give the indigent parent the right to all the services of the minor. It confers no right to any services whatever, and if the minor is not of sufficient ability to support the parent the law then imposes the duty upon others. This statute does not in terms confer a right of action upon a parent for lack of support against any one but the persons within the classes named therein. The decisions resting upon the fact of minority can throw no light upon the present problem; neither can the statutes which expressly confer a right of action, such as the federal employers' liability act and the statute against liquor dealers. Such statutes expressly grant the right to bring actions to a class of persons not theretofore entitled to maintain an action. If the pauper statute had expressly provided that a parent should have a right of action against a negligent employer, if the

result of the injury interfered with his right of support from his child, whether of full age or not, the condition would be different. To sum up, at common law no such right of action existed, and no statute having been enacted creating such right, it does not exist. The right of action does exist in the mother, the father being deceased, to recover for loss of services of her minor son, if she establishes the negligence charged.

So far as the petition states a cause of action for the loss of services of the minor until he attains his majority, it is not vulnerable to a demurrer, but so far as it is based upon any right to recover against a third party under the pauper act, it fails to state a cause of action. This necessitates a reversal of the judgment of the district court.

REVERSED.