[Civ. No. 38058. Second Dist., Div. Four. Oct. 28, 1971.]

RICHARD T. GILLESPIE, Plaintiff and Appellant, v.
NORTHRIDGE HOSPITAL FOUNDATION, Defendant and
Respondent.

**COUNSEL**

Albert I. Kaufman for Plaintiff and Appellant.

Early, Maslach, Foran & Williams and Harry Boyd for Defendant and Respondent.

**OPINION**

**KINGSLEY, J.**—Plaintiff's wife was injured while in the employ of defendant. She has recovered the appropriate benefits under the Workmen's Compensation Act. Plaintiff then sued the employer for loss of his wife's services,[1] alleging the employer's negligence. A motion for a summary judgment was granted; plaintiff appeals from the resulting judgment. We affirm.

■ Defendant relies on the language in section 3600 of the Labor Code that liability under the Workmen's Compensation Act is "in lieu of any other liability whatsoever to any person" (except in cases under section 3706, which is not here applicable). We agree that that language is controlling.

---

[1]The complaint sought recovery both for loss of services and for medical expenses. As presented here, only the loss of services are urged as a basis for recovery.

The parties have cited us to no cases in California dealing with the problem before us, and we have found none. We have been cited to sundry cases from other states. Some deal with the right of a parent to pursue the common law action of *per quod servitium amisit*, some deal with the right of a husband to pursue the common law actions for loss of services and consortium of a wife, some deal with the right of a wife (in states permitting such actions against tortfeasors generally) to pursue similar actions for loss of the services or consortium of her husband. Although, as plaintiff points out, there are important differences between the action here brought and the parental action and between the present action and actions by a wife for loss of consortium, those differences do not seem to us to be significant here, where the basic issue is whether or not the employee's remedy under a workmen's compensation scheme operates to bar collateral actions by non-employees for their personal damages flowing from the employee's injury or death.

In many of the cases cited to us, holdings adverse to the non-employee were based on language much more specific than that in the California statute and, for that reason, are not helpful to us in the case at bench.[2] Cases from jurisdictions with less specific statutes are divided. The earlier cases, following the lead of the Massachusetts court in *King* v. *Viscoloid*

---

[2]". . . shall be exclusive and in place of all other liability of such employer to the employee, his legal representative, husband or wife, parents, dependents, next of kin and anyone otherwise entitled to recover damages from such employer at law or in admiralty on account of such injury or death, . . ." (33 U.S.C.A. § 905, as construed in *Smither and Company, Inc.* v. *Coles* (1957) 242 F.2d 220 [100 App. D.C. 68].)

"The rights and remedies herein granted to an employee . . . on account of personal injury or death by accident shall exclude all other rights and remedies of such employee, his personal representative, dependents or next of kin, at common law or otherwise, on account of such injury or death." (Burn's Ind. Stat., 1952 replacement, § 40-1206, as construed in: *Stainbrook* v. *Johnson County Farm Bureau, Coop. Ass'n* (1954) 125 Ind. App. 487 [122 N.E.2d 884], and in *McDonald* v. *Miner* (1941) 218 Ind. 373 [32 N.E.2d 885].) To the same effect, under similar statutory language: *Napier* v. *Martin* (1952) 194 Tenn. 105 [250 S.W.2d 35], construing Williams Tenn. Code section 6859; *Josewski* v. *Midland Constructors* (D.S.D. 1953) 117 F.Supp. 681, construing S.D. Code section 64.0104; *Hilsinger* v. *Zimmerman Steel Co.* (1922) 193 Iowa 708 [187 N.W. 493], construing Iowa Code Supp. 1913 section 2477m2. See, also: *Buonfiglio* v. *R. Neumann & Co.* (1919) 93 N.J.L. 174 [107 A. 285], *Hartman* v. *Unexcelled Mfg. Co.* (1919) 93 N.J.L. 418 [108 A. 357]; *Adkins* v. *Hope Engineering & Supply Co.* (1917) 81 W.Va. 449 [94 S.E. 506]; *Underwood* v. *United States* (10th Cir. 1953) 207 F.2d 862, construing 5 U.S.C.A. section 757(b); *McVey* v. *Chesapeake & Potomac Tel. Co.* (1927) 103 W.Va. 519 [138 S.E. 97]; *Ziegler* v. *United States Gypsum Co.* (1960) 251 Iowa 714 [102 N.W.2d 152, 154]; *Hartman* v. *Cold Spring Granite Co.* (1956) 247 Minn. 515 [77 N.W.2d 651]; *Sharp* v. *Producers' Produce Co.* (1932) 226 Mo.App. 189 [47 S.W.2d 242]; *Holder* v. *Elms Hotel Co.* (1936) 338 Mo. 857 [92 S.W.2d 620, 104 A.L.R. 339]; *Roseberry* v. *Phillips Petroleum Co.* (1962) 70 N.M. 19 [369 P.2d 403]; *Lovelette* v. *Braun* (D.N.D. 1968) 293 F.Supp. 41.

*Co.* (1914) 219 Mass. 420 [106 N.E. 988], held that the omission from the Workmen's Compensation Act of any mention of parental recovery indicated a legislative intent not to abolish the common law action.[3] However, the later cases have taken the opposite view, reasoning that the workmen's compensation law was intended to provide a complete and all inclusive scheme for recovery from an employer for industrial injuries. Thus in *Bevis* v. *Armco Steel Corp.* (1951) 156 Ohio St. 295 [102 N.E.2d 444], a wife's action for loss of consortium (available under Ohio law against tortfeasors generally) was held to be barred by section 35, article II of the Ohio Constitution, which read: "Such compensation shall be in lieu of all other rights to compensation or damages, for such death, injuries or occupational disease." To the same effect are the holdings, under similarly general language, in: *Ellis* v. *Fallert* (1957) 209 Ore. 406 [307 P.2d 283]; *Bigby* v. *Pelican Bay Lumber Co.* (1944) 173 Ore. 682 [147 P.2d 199]; *Guse* v. *A. O. Smith Corp.* (1952) 260 Wis. 403 [51 N.W.2d 24]; *Ash* v. *S. S. Mullen, Inc.* (1953) 43 Wn.2d 345 [261 P.2d 118].

We conclude that these later cases represent the correct view. ■ The whole scheme of workmen's compensation contemplates that, in exchange for imposing on the employer a liability without fault and denying to him the common law defenses of contributory negligence and the fellow servant rule, he is assured of a single liability, limited by a statutory scheme, which provides for medical expenses and which allots a scheduled sum in lieu of both lost earnings and general damages. We can see no reason why the employer should also be held liable for collateral damages to third persons whose rights, at common law, were derivative from those of the employee.

In *Danek* v. *Hommer* (1952) 9 N.J. 56 [87 A.2d 5], the court said: ". . . there was substituted for the common law rights in tort arising out of an injury to an employee in the course of his employment, a remedy which is in essence social insurance for the remedy in tort at common law; and it would seem that on principle if there be no tort liability on the part of the employer to the injured wife, and that is conceded in this case, the husband can have no right of action for the consequent damage suffered by him as the result of the tortious injury to his wife. It would be anomalous to hold that the employer is under no liability in tort to a married employee but is liable in tort to her husband for the consequences to him of the tortious injury to his wife.

"When the employer and employee elect to have their rights adjudged

---

[3] *Allen* v. *Trester* (1924) 112 Neb. 515 [199 N.W. 841]; *Roxana Petroleum Co.* v. *Cope* (1928) 132 Okla. 152 [269 P. 1084, 60 A.L.R. 837]; *Silurian Oil Co.* v. *White* (Tex. Civ. App. 1923) 252 S.W. 569.

and fixed pursuant to the terms of the compensation act then the common law remedy in tort falls by reason of the statutory contract for compensation, based not upon the principle of tort but on remuneration regardless of fault to the injured employee. With it fell any action in tort that the husband had by virtue of the marital status of his employee-wife. This seems to be the rational consequence of the changed relationship by consent of the parties affected under the act, whereby the employer becomes immune from liability for tort in consideration of the payment of compensation at a fixed rate irrespective of fault. This seems to be so implicit in the statute that it is as much a part of it as if it had actually been therein expressed." (87 A.2d 5, at p. 7.)

We concur in that reasoning. The judgment is affirmed.

Jefferson, Acting P. J., and Dunn, J., concurred.

A petition for a rehearing was denied November 19, 1971, and appellant's petition for a hearing by the Supreme Court was denied December 23, 1971.