[Civ. No. 14446. Third Dist. July 23, 1975.]

THURMAN S. WILLIAMS et al., Plaintiffs and Appellants, v.
STATE COMPENSATION INSURANCE FUND et al.,
Defendants and Respondents.

**COUNSEL**

Joseph S. Samuel and Jerry M. Duncan for Plaintiffs and Appellants.

T. Groezinger, James J. Volk, George S. Bjornsen, McDonald & Donahue and Richard H. Caulfield for Defendants and Respondents.

**OPINION**

**FRIEDMAN, Acting P. J.**—Plaintiffs Thurman Williams and Natividad Williams are husband and wife. They appeal from a judgment after the trial court sustained general and special demurrers to their damage complaint without leave to amend. In the complaint's first seven counts, Thurman Williams seeks damages on various. theories from Wallace Brothers, his employer, and State Compensation Insurance Fund, the employer's compensation carrier, alleging that he suffered injury to his genital organs, groin and thighs while operating a spraying machine in the course of his employment. In seven additional counts, Natividad Williams seeks damages on the same theories for loss of her husband's services and loss of consortium.

The order sustaining the demurrer was premised on the provisions of the Labor Code making workers' compensation proceedings the exclusive remedy for work-connected injuries.[1]

### I.

Count 1 of the complaint alleges that State Compensation Insurance Fund, as compensation carrier for Wallace Brothers, negligently inspected the premises and failed to inform the employer of the dangerous and defective condition of the spraying machine; that Thurman Williams was injured as a proximate result of this negligent inspection. Count 2 alleges the carrier's negligent failure to inspect. Count 3 charges the carrier with breach of its contract to inspect, a contract of which the employee was beneficiary. In counts 8, 9, and 10 Mrs. Williams seeks recovery from State Compensation Insurance Fund on the same theory.

Where recovery for injury of an employee comes within the Workers' Compensation Act, the compensation agency has exclusive

---

[1]Labor Code section 3600:

"Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person . . . [shall] exist against an employer for any injury sustained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the . . . conditions of compensation concur:

(a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division.

(b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the scope of his employment.

(c) Where the injury is proximately caused by the employment, either with or without negligence."

Labor Code section 3601:

(a) Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, . . . the exclusive remedy for injury or death of an employee against the employer . . ."

Labor Code section 3850: "As used in this chapter:

"(a) 'Employee' includes the person injured and any other person to whom a claim accrues by reason of the injury or death of the former.

"(b) 'Employer' includes insurer as defined in this division."

Labor Code section 3852:

"The claim of an employee for compensation does not affect his claim or right of action for all damages proximately resulting from such injury or death against any person other than the employer. . . ."

Labor Code section 5300:

"All the following proceedings shall be instituted before the [Workmens' Compensation] appeals board and not elsewhere, except as otherwise provided in Division 4.

"(a) For the recovery of compensation, or concerning any right or liability arising out of or incidental thereto. . . ."

jurisdiction, and the superior court may not entertain an action for damages against the employer or his insurance carrier. (*Fitzpatrick* v. *Fidelity & Casualty Co.,* 7 Cal.2d 230, 233 [60 P.2d 276].) In *State Comp. Ins. Fund* v. *Superior Court (Breceda),* 237 Cal.App.2d 416 [46 Cal.Rptr. 891], this court held that a compensation carrier was not subject to a common law damage suit for its negligence in making safety inspections of the insured employer's plant since its inspection activity was part of its normal role as insurer; while acting within that role, the carrier did not become "any person other than the employer" within the compass of section 3852. (See fn. 1, *ante.*) The *Breceda* decision was followed in *Burns* v. *State Compensation Ins. Fund,* 265 Cal.App.2d 98 [71 Cal.Rptr. 326]. In *Unruh* v. *Truck Insurance Exchange,* 7 Cal.3d 616, 626-627 [102 Cal.Rptr. 815, 498 P.2d 1063], the court cited these decisions as the basis for the following declaration: " . . . it is settled in California that an insurer is still acting within its proper role in the compensation scheme, and thus may not be sued at law as a 'person other than the employer' under section 3852, when it provides negligent medical treatment for a compensable injury or when it negligently inspects the employer's premises."

Plaintiffs urge this court to examine its holding in *Breceda, supra.* At this point plaintiffs do not come to grips with the Supreme Court's adoption of the *Breceda* holding. The settled law described in *Unruh* bars plaintiffs from pursuing the six counts in question.

Plaintiff relies upon *Ryan Co.* v. *Pan-Atlantic Corp.,* 350 U.S. 124 [100 L.Ed. 133, 76 S.Ct. 232]. There a shipowner, held liable for tort damages to an injured longshoreman, was permitted to maintain a cross-action versus the stevedoring company which employed the longshoreman, on the theory that the latter had breached its contract to load cargo in a safe manner. By analogy to *Ryan,* plaintiffs urge that the "conditions of compensation" described in Labor Code sections 3600 and 3601 do not exist here, for their claim is premised upon breach of an independent contract. The analogy fails. Here the damage suit is maintained by the injured worker, not a third party or tortfeasor. Here the "conditions of compensation" exist in terms of (a) the status of the claimant, (b) the status of the defendant and (c) the industrial character of the injury. (Lab. Code, § 3600, fn. 1, *ante.*)

## II.

 In counts 4, 5, and 7, Thurman Williams seeks to impose products liability on Wallace Brothers, alleging that it designed, manu-

factured and supplied a spraying machine for use by its employees; that the machine was defective and dangerous. In counts 11, 12 and 14, Mrs. Williams seeks recovery on the same theories. Plaintiffs argue that in designing and manufacturing the spraying machine, Wallace Brothers assumed a dual role as employer and manufacturer, incurring common law liability in the latter capacity. At this point plaintiffs rely on *Duprey* v. *Shane,* 39 Cal.2d 781 [249 P.2d 8].

The analogy to *Duprey* is faint and unpersuasive. There the doctor-employer stepped outside his role as employer, elected to treat the injured employee as a doctor and subjected himself to malpractice liability. The court, nevertheless, recognized the case as an unusual one, saying: "It is true that the law is opposed to the creation of a dual personality, where to do so is unrealistic and purely legalistic." (39 Cal.2d at p. 793.)

Here there is no allegation that Wallace Brothers manufactured spraying machines as a business enterprise separate from that employing plaintiff Williams. Rather, the complaint shows that the firm created the machine for use by its own employees in its own production or service operations. Many entrepreneurs build and supply appliances and equipment exclusively for use in their own plants or premises. That sort of activity is integral and auxiliary to the firm's principal manufacturing or production operation. To conjure a nonemployer doppelganger out of such auxiliary activity represents an *ad hoc* theory devised to avoid the statute. (*Azevedo* v. *Abel,* 264 Cal.App.2d 451, 459 [70 Cal.Rptr. 710].) Unlike the malpractice injury inflicted in *Duprey* v. *Shane,* Mr. Williams' injury arose out of and in the course of his employment. The trial court did not err in sustaining demurrers to counts 4, 5, and 7 and counts 11, 12, and 14 of the complaint.

### III.

In counts 5 and 6 and in counts 12 and 13 plaintiffs seek recovery of damages for the negligence of Wallace Brothers, on the theory that all or a substantial portion of Williams' physical disability is not compensable under the Workers' Compensation Act. Plaintiffs point out that the permanent disability rating schedules promulgated under Labor Code section 4660 supply inadequate compensation for the handicaps resulting from the injury to Mr. Williams' genital organs.[2] To this extent, plaintiffs

---

[2]Labor Code section 4660, subdivision (a): "(a) In determining the percentages of permanent disability, account shall be taken of the nature of the physical injury or

argue, the "conditions of compensation" postulated by sections 3600 and 3601 do not exist. Labor Code section 3600, subdivision (a), establishes as a condition of compensation that "both the employer and the employee are subject to the compensation provisions of this division." (See fn. 1, *ante.*) One of the compensation conditions of division 4 of the Labor Code is subdivision (a) of section 4660, which fixes loss of earning capacity as the major factor in permanent disability rating. In effect, plaintiffs argue that the rating schedule promulgated by the Division of Industrial Accidents supplies no scheduled rating for functional impairment of the genitalia; rather, that it relegates the impairment to a "judgment rating;" this rating is and must be influenced by the mandate of section 4660, subdivision (a), which views occupational handicap as the prime rating factor; thus, to the extent that recognition is withheld from Williams' handicap, he is outside the "compensation provisions of this division." (Lab. Code, § 3600, subd. (a).)

Plaintiff is correct in arguing that the statutory emphasis on occupational disability as a rating factor denigrates the compensability of nonoccupational handicaps. Decisions in other states hold that the workers' compensation law provides the exclusive remedy for industrial injury even though the resulting disability—for example, sexual impotence—is noncompensable. (See cases cited, 2 Larson, Workmen's Compensation Law, § 65.20.) No California decision in point has been cited. The theory underlying the out-of-state decisions is that the workers' compensation plan imposes reciprocal concessions upon employer and employee alike, withdrawing from each certain rights and defenses available at common law; the employer assumes liability without fault, receiving relief from some elements of damage available at common law; the employee gains relatively unconditional protection for impairment of his earning capacity, surrendering his common law right to elements of damage unrelated to earning capacity; the work-connected injury engenders a single remedy against the employer, exclusively cognizable by the compensation agency and not divisible into separate elements of damage available from separate tribunals; a failure of the compensation law to include some element of damage recoverable at common law is a legislative and not a judicial problem. (See *Hyett* v. *Northwestern Hospital For Women and Children,* 147 Minn. 413. [180 N. W. 552]; *Grice* v. *Suwannee Lumber Manufacturing Company* (Fla.App.)

---

disfigurement, the occupation of the injured employee, and his age at the time of such injury, consideration being given to the diminished ability of such injured employee to compete in an open labor market."

113 So.2d 742; *Moushon* v. *National Garages,* 9 Ill.2d 407 [137 N.E.2d 842]; 2 Larson, *op. cit.* §§ 65, 65.10, pp. 12-1 et seq.)

The decisions in point are fairly uniform, based upon sound theory, and we concur with them. That little or no occupational handicap resulted from the impairment suffered by plaintiff Williams does not open the door to tort recovery.[3]

## IV.

Plaintiffs' appeal brief, filed several months before the California Supreme Court's decision in *Rodriguez* v. *Bethlehem Steel Corp.,* 12 Cal.3d 382 [115 Cal.Rptr. 765, 525 P.2d 669], anticipated that decision by urging recognition of Natividad Williams' claim to loss of consortium. The question is not whether Mrs. Williams' loss of consortium is compensable, but whether it may be pursued by means of a damage action in the courts of general jurisdiction. Labor Code section 3600 (fn. 1, *ante*) declares that where the conditions of compensation exist, the employer's liability to pay compensation is in lieu of liability "to any person." This broad provision bars Mrs. Williams' attempt to fasten liability for tort damages on the employer. (*Gillespie* v. *Northridge Hosp. Foundation,* 20 Cal.App.3d 867, 869-870 [98 Cal.Rptr. 134].)

Judgment affirmed.

Regan, J., and Evans, J., concurred.

Appellants' petition for a hearing by the Supreme Court was denied September 17, 1975.

---

[3]Relative to this phase of the appeal, the parties have not discussed that provision of Labor Code section 4660, subdivision (a), which fixes disfigurement, as well as injury, as a disability rating factor. Several authorities suggest that disfigurement, like injury and disability, denotes a condition which diminishes the worker's ability to compete in the labor market. (See notes, 80 A.L.R. 970, 116 A.L.R. 712; 2 Hanna, Cal. Law of Employee Injury and Workmen's Compensation (2d ed.) § 14.01 [2], p. 14-5; 2 Larson, *op. cit.,* § 65.30, pp. 12-16 et seq.; cf. *Dombrowski* v. *Fafnir Bearing Company,* 148 Conn. 87 [167 A.2d 458].) Whether disfigurement in the statutory sense requires visible mutilation or, on the contrary, comprehends a functional impairment without external manifestations, is an open question in California. (See *Dombrowski* v. *Fafnir Bearing Company, supra;* 58 Am.Jur., Workmen's Compensation, § 274, pp. 773-774; 99 C.J.S. Workmen's Compensation, § 199, pp. 655-657.) To classify the condition of plaintiff Williams as a disfigurement within the meaning of section 4660 would effectively defeat plaintiff's argument. The inquiry is unnecessary because other considerations bar plaintiffs' damage action.