[No. B024069. Second Dist., Div. Five. July 23, 1987.]

MARY HISEL et al., Plaintiffs and Appellants, v.
COUNTY OF LOS ANGELES, Defendant and Respondent.

970

**COUNSEL**

Hurley, Grassini & Wrinkle and Roland Wrinkle for Plaintiffs and Appellants.

De Witt W. Clinton, County Counsel, and Philip S. Miller, Deputy County Counsel, for Defendant and Respondent.

## OPINION

EPSTEIN, J.*—This appeal raises a single issue, one of first impression: whether the Workers' Compensation Act (Act), as amended in 1982, continues to bar civil actions by nondependent heirs against the employer of a decedent who was killed in the course and scope of employment. We conclude that it does, and affirm the trial court's judgment.

### FACTUAL AND PROCEDURAL BACKGROUND

The decedent, Jerald Hisel, was employed as a firefighter specialist by respondent, County of Los Angeles. He suffered a fatal accident on December 14, 1983, while assisting a crew of prisoners in placing a culvert on a road. It is conceded that his death occurred in the course and scope of his employment with respondent.

His widow and four adult children, the appellants, brought an action against respondent for wrongful death. (Code Civ. Proc., § 377.) Respondent asserted the exclusive-remedy bar of the Act (Lab. Code, §§ 3600, 3602)[1] as a defense, and brought a motion for summary judgment. The foregoing facts were established without dispute in that motion. Appellants filed declarations to the effect that each was self-supporting and therefore not dependent on the decedent, and argued that insofar as actions against employers are concerned, the bar only applies to dependents. Respondent did not dispute the factual declarations, but argued that the bar applies to both dependents and nondependents. The trial court agreed, and granted full summary judgment.

### DISCUSSION

Appellants' argument is based on the rewording of sections 3600, 3601 and 3602 effected by chapter 922 of the Statutes of 1982. (We have set out pertinent provisions of the Act, new and old, in the margin of this opinion.) Before the 1982 amendments, section 3600, subdivision (a) provided that liability for compensation under the Act was "in lieu of any other liability whatsoever to any person except as provided in Section 3706,[2] where the described conditions of compensation exist.[3] Section 3601, subdivision (a)

---

* Assigned by the Chairperson of the Judicial Council.

[1] Unless otherwise indicated, all statutory references are to the Labor Code.

[2] Section 3706 provides a right to elect a tort action for damages in lieu of compensation under the Act if the employer is illegally uninsured.

[3] Prior to 1982, section 3600 provided, in part: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as provided in Section 3706, shall, without regard to negligence, exist against an employer for any injury sus-

provided that, where these conditions occurred, the right to compensation benefits under the Act was the "exclusive remedy for injury or death of an employee," and barred suits against another employee of the same employer, as well as suits against the employer, unless one of several specific exceptions was satisfied.[4]

Section 3602 provided that, where the conditions of compensation did not occur, the employer's liability was the same as though the Act did not exist.

The 1982 amendments modified section 3600[5] to provide that the remedy afforded by the Act is "in lieu of any other liability whatsoever to any person except as specifically provided in Sections 3602, 3706 and 4558."[6] The same statute split former section 3601 into two separate provisions.

tained by his employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: [¶] (a) Where, at the time of the injury, both the employer and the employee are subject to the compensation provisions of this division. [¶] (b) Where, at the time of the injury, the employee is performing service growing out of and incidental to his employment and is acting within the course of his employment. [¶] (c) Where the injury is proximately caused by the employment, either with or without negligence. [¶] (d) Where the injury is not caused by the intoxication of the injured employee. [¶] (e) Where the injury is not intentionally self-inflicted. [¶] (f) Where the employee has not willfully and deliberately caused his own death. [¶] (g) Where the injury does not arise out of an altercation in which the injured employee is the initial physical aggressor. [¶] (h) Where the injury does not arise out of voluntary participation in any off-duty recreational, social, or athletic activity not constituting part of the employee's work-related duties, except where these activities are a reasonable expectancy of, or are expressly or impliedly required by, the employment. . . ."

[4] Prior to 1982, section 3601, subdivision (a) provided: "Where the conditions of compensation exist, the right to recover such compensation, pursuant to the provisions of this division is, except as provided in Section 3706, the exclusive remedy for injury or death of an employee against the employer or against any other employee of the employer acting within the scope of his employment, except that an employee, or his dependents in the event of his death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against such other employee, as if this division did not apply, in either of the following cases: [¶] (1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of such other employee. [¶] (2) When the injury or death is proximately caused by the intoxication of such other employee.

[5] New section 3600, subdivision (a) provides, in part: "Liability for the compensation provided by this division, in lieu of any other liability whatsoever to any person except as otherwise specifically provided in Sections 3602, 3706, and 4558, shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course of the employment and for the death of any employee if the injury proximately causes death, in those cases where the following conditions of compensation concur: . . ." This is followed by a listing of the conditions of compensation in the same substantive language as was used in the pre-1982 provision, except for the addition of a new requirement that the injury not be caused by a felonious act of the injured employee. (§ 3600, subd. (a)(8).)

[6] Section 4558 applies to injury on a power press on which the employer has failed to install, or has removed, a point-of-operation guard.

New section 3601, subdivision (a)[7] now applies only to suits against fellow employees, and states the bar against such actions in substantially the same language as it formerly had employed. New section 3602[8] applies to suits against employers. The phrasing of its bar differs from the corresponding provision of new section 3601. It provides that, where the conditions of compensation occur and sections 3706 and 4558 do not apply, the benefits provided by the Act are "the sole and exclusive remedy of the employee or his or her dependents against the employer."

Appellants recognize that the former provisions had been construed to bar civil actions against employers and fellow employees by nondependent heirs, as well as by dependents (see *Treat* v. *Los Angeles Gas etc. Corp.* (1927) 82 Cal.App. 610 [256 P. 447]), but argue that a change in the language of the governing statutes commands a change in result. They point out that, while the section 3601 bar against fellow employees continues to be expressed in unlimited terms, the corresponding provision applicable to suits against employers mentions only the employee and "dependents." The inference, they argue, is that actions by nondependents are no longer barred.

---

[7] New section 3601, subdivision (a) provides: "Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation, pursuant to the provisions of this division is, except as specifically provided in this section, the exclusive remedy for injury or death of any employee against any other employee of the employer acting within the scope of his or her employment, except that an employee, or his or her dependents in the event of his or her death, shall, in addition to the right to compensation against the employer, have a right to bring an action at law for damages against the other employee, as if this division did not apply, in either of the following cases: [¶] (1) When the injury or death is proximately caused by the willful and unprovoked physical act of aggression of the other employee. [¶] (2) When the injury or death is proximately caused by the intoxication of the other employee."

[8] New section 3602 provides: "(a) Where the conditions of compensation set forth in Section 3600 concur, the right to recover such compensation is, except as specifically provided in this section and Sections 3706 and 4558, the sole and exclusive remedy of the employee or his or her dependents against the employer, and the fact that either the employee or the employer also occupied another or dual capacity prior to, or at the time of, the employee's industrial injury shall not permit the employee or his or her dependents to bring an action at law for damages against the employer. [¶] (b) An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] (1) Where the employee's injury or death is proximately caused by a willful physical assault by the employer. [¶] (2) Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation. The burden of proof respecting apportionment of damages between the injury and any subsequent aggravation thereof is upon the employer. [¶] (3) Where the employee's injury or death is proximately caused by a defective product manufactured by the employer and sold, leased, or otherwise transferred for valuable consideration to an independent third person, and that product is thereafter provided for the employee's use by a third person. [¶] (c) In all cases where the conditions of compensation set forth in Section 3600 do not concur, the liability of the employer shall be the same as if this division had not been enacted."

Finally, they argue that since respondent has failed to negate the status of any appellant as a nondependent, their civil action must be allowed to continue.

Review of appellants' contentions requires a close examination of the 1982 statute, the history of the old and new provisions and their judicial construction. (See *People* v. *Weidert* (1985) 39 Cal.3d 836, 844 [218 Cal.Rptr. 57, 705 P.2d 380]; *Moore* v. *Panish* (1982) 32 Cal.3d 535, 541 [186 Cal.Rptr. 475, 652 P.2d 32].)

■ The cardinal rule of statutory construction is that the court ascertain the legislative intent and give it effect. (*Select Base Materials* v. *Board of Equal.* (1959) 51 Cal.2d 640, 645 [335 P.2d 672]; Code Civ. Proc., § 1859.) As our case law commands, we start with the words of the statutes. (*People* v. *Knowles* (1950) 35 Cal.2d 175, 182-183 [217 P.2d 1].)

■. "In the most explicit terms, section 3600 declares the exclusive character of the employer's workmen's compensation liability in lieu of any *other* liability to *any* person." (*Pacific Gas & Elec. Co.* v. *Morse* (1970) 6 Cal.App.3d 707, 713-714 [86 Cal.Rptr. 7], original italics.) This exclusive liability is "except as otherwise specifically provided" in sections 3602, 3706 and 4558. Of these, only the first, section 3602, is claimed to apply to this case. There is simply no language in that section that "specifically provides" for tort actions against an employer by nondependent heirs of a worker who is killed in the course and scope of employment.

By contrast, section 3602 does specifically authorize "an employee or his or her dependents . . . [to] bring an action at law for damages against the employer" when the egregious conditions specified in subdivision (b) of that section are present. The other two provisions referenced in section 3600 also specifically authorize actions at law for damages against the employer.

Thus, the plain language of the statutes does not support the construction urged by appellants. ■ ■ More than that, the careful and specific listing of authorized exceptions to the general rule evokes another familiar rule of construction: the statement of specific exceptions implies the exclusion of others. (*Wildlife Alive* v. *Chickering* (1976) 18 Cal.3d 190, 195 [132 Cal.Rptr. 377, 553 P.2d 537].)

This construction of the statutes is consistent with their history.

■ From the beginning, it was a principal purpose of workers' compensation laws to eliminate the three common law defenses that had prevented recovery for injuries received on the job: contributory negligence, assump-

tion of risk, and fault of a fellow employee. Employees were relieved of these defenses and given the certainty of financial and other benefits whenever the "conditions of compensation" were established. In exchange, employers were given an exemption from civil actions for damages. (See *Jones v. Kaiser Industries Corp.* (1987) 43 Cal.3d 552, 562 [237 Cal.Rptr. 568, 737 P2d 771]; *Western Indemnity Co. v. Pillsbury* (1915) 170 Cal. 686, 693 [151 P. 398]; *Williams v. Schwartz* (1976) 61 Cal.App.3d 628, 633 [131 Cal.Rptr. 200] [exclusive remedy provisions are quid pro quo of workers' compensation scheme]; 2 Witkin, Summary of Cal. Law (9th ed. 1987) Workers' Compensation, § 1, p. 560.)

This fundamental social compromise was embodied in the first three sections of chapter 3 of the Labor Code division in which the Act was codified in 1937. Section 3600 establishes liability of the employer "in lieu of any other liability whatsoever" when the conditions of compensation occur, and eliminates the common law defenses. As we have seen, section 3601 provided that, when these conditions occur, the right to recover benefits under the Act constituted an "exclusive remedy" (with specified exceptions), and section 3602 provided (and still provides) that the common law right to sue for damages applies whenever the conditions of compensation do not occur.

Sections 3600 and 3601 were complementary. "Labor Code section 3600 declares in effect that *liability* for workmen's compensation shall be in lieu of any other liability; section 3601 that the *right* to recover workmen's compensation shall be the exclusive *remedy* for the employee's injury or death. . . . Essentially, sections 3600 and 3601 are substantive declarations, fixing the employee's claim to those benefits declared by the compensation law and foreclosing entitlement to the damages traditionally available through the courts of law." (*Azevedo v. Abel* (1968) 264 Cal.App.2d 451, 454 [70 Cal.Rptr. 710], original italics, fns. omitted; see also *Western Indemnity Co. v. Pillsbury, supra,* 170 Cal. at p. 690.)

This statutory formula may be traced to the Roseberry Act, the original workers' compensation law in California. (Stats. 1911, ch. 399, p. 796.) Section 3 of that law states the basic rules for an exclusive compensation remedy against the employer, free of common law defenses. The pertinent language is almost identical to the Labor Code provisions amended in 1982.[9]

---

[9] Section 3 of the 1911 statute provided in part: "Liability for the compensation hereinafter provided for, in lieu of any other liability whatsoever, shall, without regard to negligence, exist against an employer for any personal injury accidentally sustained by his employees, and

It was carried forward into the Boynton Act, the 1913 revision of the law (Stats. 1913, ch. 176, § 12, pp. 283-284) and into the 1917 enactment (Stats. 1917, ch. 586, § 6, pp. 834-835), which, as amended, is the present law in force. (2 Witkin, Summary of Cal. Law (9th ed. 1987) Workers' Compensation, § 5, p. 564.)[10]

From the beginning, the cases have relied on both former sections 3600 and 3601 (and their statutory predecessors) in describing the exclusive remedy rule. (See, e.g., *Jones* v. *Kaiser Industries Corp., supra* 43 Cal.3d at p. 556; *Seide* v. *Bethlehem Steel Corp.* (1985) 169 Cal.App.3d 985, 990 [215 Cal.Rptr. 629]; *Salin* v. *Pacific Gas & Electric Co.* (1982) 136 Cal.App.3d 185, 190 [185 Cal.Rptr. 899]; *Soil Engineering Construction, Inc.* v. *Superior Court* (1982) 136 Cal.App.3d 329, 331 [186 Cal.Rptr. 209]; *Casaccia* v. *Green Valley Disposal Co.* (1976) 62 Cal.App.3d 610, 612 [133 Cal.Rptr. 295]; *Dixon* v. *Ford Motor Co.* (1975) 53 Cal.App.3d 499, 502 [125 Cal.Rptr. 872]; *Pacific Gas & Electric Co.* v. *Morse, supra,* 6 Cal.App.3d at p. 713; *Azevedo* v. *Abel, supra,* 264 Cal.App.2d at p. 454; *Treat* v. *Los Angeles Gas etc. Corp., supra,* 82 Cal.App. 610, 615; *Western Indemnity Co.* v. *Pillsbury, supra,* 170 Cal. at p. 690.) So have text writers (see 2 Hanna, Cal. Law of Employee Injuries and Workmen's Compensation (2d ed. 1987) § 22.03[1], pp. 22-25–22-30; 1 Herlick, Cal. Worker's Compensation Law (3d ed. 1987) Tort Actions–Subrogation, § 12.20, pp. 428-439), and others (see Note (1952) 40 Cal.L.Rev. 464, fn. 5; 65 Cal.Jur.3d, Work Injury Compensation, § 22, pp. 56-61).

The question of whether nondependent heirs could bring a suit for damages against the employer of their decedent at law was decided in a relatively early case. In *Treat* v. *Los Angeles Gas etc. Corp., supra,* 82 Cal.App. 610, the parents of an 18-year-old minor who was killed as a result of job-caused injuries sued the employer for wrongful death. The court cited the explicit provisions of section 6 of the 1917 statute (the predecessor of sections 3600, 3601 & 3602) in rejecting their claim. It recounted the "conditions of compensation" specified in the Act: that an injury occur; that the person injured was an employee; that at the time of injury, both the employee and the employer were subject to the Act; that the employee was performing a

---

for his death if the injury shall approximately [*sic*] cause death, in those cases where the following conditions of compensation concur: . . . [¶] And where such conditions of compensation exist for any personal injury or death, the right to the recovery of such compensation pursuant to the provisions of this act, and acts amendatory thereof, shall be the exclusive remedy against the employer for such injury or death . . . ."

[10]The Act was codified into the Labor Code in 1937. (Stats. 1937, ch. 90, p. 185.) No change in the meaning of its provisions may be inferred by the various reenactments and codification without substantial change in language. (See *People* v. *Drake* (1912) 162 Cal. 248, 249 [121 P. 1006].)

service arising out of and in the course and scope of employment; and that the injury was not due to the employee's intoxication or self-infliction. "If these facts exist, the conditions of compensation are present, and the identity of the person who may attempt to make a claim based upon the injury to the employee, or his relation to the latter, cannot in any way affect the application of the provisions of the act, or remove the case from that class where the 'conditions of compensation' exist." (*Id.* at p. 617.)

*Treat* has been followed by every reported case to consider the issue. (See *Salin* v. *Pacific Gas & Electric Co., supra,* 136 Cal.App.3d at p. 192;[11] *Soil Engineering Construction, Inc.* v. *Superior Court, supra,* 136 Cal.App.3d at p. 332; *Seide* v. *Bethlehem Steel Corp., supra,* 169 Cal.App.3d at p. 990; and see *Jones* v. *Kaiser Industries Corp., supra,* 43 Cal.3d at p. 558, citing *Soil Engineering* and *Seide* with approval.)

Of the cases that have squarely considered the application of the exclusive liability provisions on the right of a nondependent heir to sue, only *Treat* was decided before passage of the 1982 amendments.[12] But the governing principle that it discusses has found acceptance in all of the cases that consider the rationale of limited liability, and was firmly established in California workers' compensation jurisprudence when the 1982 statute was enacted.

Against these established principles and precedent, and against the express language of the statutes, as amended, appellants argue that a legislative intent to permit suits by nondependent heirs may be inferred because section 3602, subdivision (a) does not mention that class in discussing the exclusive remedy rule, while the corresponding provision, section 3601, subdivision (a), uses all-inclusive language. The subtle distinction in language between these provisions is too slender a reed upon which to rest so substantial a change. "[I]t is not to be presumed that the legislature in the enactment of statutes intends to overthrow long-established principles of law unless such intention is made clearly to appear either by express declaration or by necessary implication." (*County of Los Angeles* v. *Frisbie*

---

[11]*Salin* is a variation of the typical fact pattern, but it presents the same issue. In that case, a wrongful death action was brought by an employee against his employer. The employee had killed his two daughters, and he claimed that he had been driven to the homicides by psychological pressures brought about by his employment. (*Id.* at pp. 187-189.) His argument was rejected on the authority of former sections 3600 and 3601, and the *Treat, supra,* 82 Cal.App. 610 and *Casaccia, supra,* 62 Cal.App.3d 610 cases.

[12]*Soil Engineering* and *Salin* were decided within two months of the passage of Assembly Bill No. 684, which enacted the 1982 amendments, and *Seide* was decided three years later. All three were based on the pre-1982 law.

(1942) 19 Cal.2d 634, 644 [122 P.2d 526]; *Duggan* v. *Superior Court* (1981) 127 Cal.App.3d 267, 270 [179 Cal.Rptr. 410].)

The legislative history of the 1982 amendments lends support to our conclusion.

The enacting measure, Assembly Bill No. 684, sprang full blown in its final form, on August 17, 1982, following an Assembly-Senate Conference Committee. Prior to that, its focus had been quite different: altering the exclusion of bowling team sponsors from the definition of "employer" for purposes of the Act and, later, modifying the duties of Workers' Compensation Appeals Board phonographic reporters.

As amended, and as enacted, the measure made "comprehensive revisions to major sections" of the Act. (*Review of Selected 1982 Legislation* (1982) 14 Pacific L.J. 763.) Among other changes, it "severely limited" the dual capacity doctrine developed in *Duprey* v. *Shane* (1952) 39 Cal.2d 781 [249 P.2d 8], *Bell* v. *Industrial Vangas, Inc.* (1981) 30 Cal.3d 268 [179 Cal.Rptr. 30, 637 P.2d 266, Prod. Liab. Rep. ¶ 9109 (CCH)], and other cases (*Jones* v. *Kaiser Industries Corp., supra,* 43 Cal.3d at p. 561); it qualified the statutory provision governing the burden of proof required in compensation cases; it set time limits for employee requests for vocational rehabilitation benefits; it modified the findings requirement in serious and willful misconduct cases; and it substantially increased temporary disability benefits and death benefits. (See analysis in 14 Pacific L.J., *supra,* at pp. 763-768.)

We have examined the principal legislative materials generated in the course of the legislative process: the Conference Committee report; reports prepared by the staffs of policy committees of each house of the Legislature; the Legislative Counsel's Digest of the amended bill; and the Legislative Counsel's report to the Governor on the enrolled bill.[13] The significance of these materials is not in what they say, but in what they do not discuss. Counsel have not called our attention to a single statement that even hints at a change in the rights of nondependent heirs to sue at law for the wrongful death of a decedent employee. And we have found no such discussion through our own research. The changes in sections 3600, 3601 and

---

[13] These materials are judicially noticeable. (Evid. Code, § 452, subd. (c).) See California Law Revision Commission Comments in 29B West's Annotated Evidence Code (1966 ed.) section 450, pages 322-323. And see *Post* v. *Prati* (1979) 90 Cal.App.3d 626, 633 (committee reports and related documents); *People* v. *Superior Court (Douglass)* (1979) 24 Cal.3d 428, 434 [155 Cal.Rptr. 704, 595 P.2d 139] (Legis. Counsel's Dig.). We have notified counsel pursuant to Evidence Code section 455, subdivision (a) of our intention to judicially notice these materials. The Legislative Counsel's Digest is reported in 1982 Summary Digest at pages 305-306.

3602 are discussed, but only in terms of their limitation of the dual capacity rule and the offsetting authorization of a suit for damages for certain power press accidents.

It is highly improbable that a significant substantive change such as appellants argue the Legislature effected would go unnoticed in these contemporaneous legislative documents, whose purpose was to describe the substantive changes made by the bill.

Appellants have presented the best arguments available for their position. ■ It is true, as they argue, that the term "dependents" is not synonymous with "heirs" and the general rule is that a change in statutory language connotes a change in substance. (See Clements v. T.R. Bechtel Co. (1954) 43 Cal.2d 227, 231 [273 P.2d 5].) Finally, we do not know why the pertinent phrasing of sections 3601 and 3602 is different, and we are reluctant to attribute the distinction to poor draftsmanship. (See People v. Castro (1985) 38 Cal.3d 301, 310, fn. 6 [211 Cal.Rptr. 719, 696 P.2d 111].)

But we are convinced that the construction advanced by appellants presents far greater problems than these. As we have seen, the literal language of the new statutes does not say what they claim it does, since the exclusive liability provision of section 3600 remains intact and section 3602 does not "specifically provide" the exception upon which appellants must rely. The exclusive liability provision of section 3600, which was not substantially changed by the 1982 amendments, had been consistently regarded as a principal source of that restriction. The exclusive liability rule itself had been a basic precept of workers' compensation law in this state for more than 70 years when the 1982 amendments were enacted. Exceptions to that rule always had been specific, and had been strictly construed by reviewing courts. The substantive changes to these key provisions effected by the 1982 amendments were fully discussed in the contemporaneous legislative materials, and there is no mention of the expansion of civil liability urged here. ■ We conclude that by dividing former section 3601 into two sections, one addressed to suits against coemployees and the other to actions against employers, the Legislature intended to accommodate changes in the dual capacity doctrine and a new exception for power press accidents, and had no intention of permitting actions at law against employers by nondependent heirs.

## DISPOSITION

The trial court correctly decided that the exclusive liability provision of the Act bars the civil action for damages by nondependent heirs. For that

reason, the summary judgment order was proper, and the judgment entered pursuant to it is affirmed. Respondent is to recover its costs on appeal.

Feinerman, P. J., and Hastings, J., concurred.