[Civ. No. 67363. Second Dist., Div. One. June 13, 1983.]

ROY C. BOBBITT, JR., Petitioner, v.
WORKERS' COMPENSATION APPEALS BOARD,
POOL OFFSHORE COMPANY et al., Respondents.

COUNSEL

William A. Herreras and William L. Zuber for Petitioner.

Stockwell, Gleason, Anderson & Harris and Ward A. Morris for Respondents.

OPINION

HANSON (Thaxton), J.—

### INTRODUCTION

Petitioner Roy C. Bobbitt, Jr., seeks review of the order of respondent Workers' Compensation Appeals Board (WCAB) that it lacked jurisdiction to

award benefits for injuries allegedly received while he was employed on an oil drilling platform in the Santa Barbara channel.

## FACTS

Petitioner is a resident of California who was hired by respondent Pool Offshore Company in California as a derrick hand on a stationary oil drilling platform, referred to as "Shell Rig No. 2," in the Santa Barbara channel eight miles from the California coastline. On December 3, 1981, he injured his left knee while pulling blocks on the platform. He is receiving medical treatment, and apparently remains disabled, in California.

In March 1982 he commenced a proceeding before the federal Longshore Harbor Workers' Administration for compensation benefits under the Longshoremen's and Harbor Workers' Compensation Act (LHWCA). During pendency of the federal proceeding, he commenced the two cases herein (WCAB Nos. 82 SBA 34495 and 34859) against respondent Pool Offshore Company and its insurance carrier, respondent Crawford Insurance Company, seeking compensation benefits under California law. The WCAB ordered dismissal of both cases for lack of jurisdiction.

## ISSUE

Whether there is concurrent federal and state jurisdiction of petitioner's claim for workers' compensation benefits.

## DISCUSSION

The evolution of the concept of concurrent federal-state jurisdiction of compensation for workers injured in the maritime sphere was recently reviewed by the Supreme Court in *Sun Ship, Inc.* v. *Pennsylvania* (1980) 447 U.S. 715, 717-722 [65 L.Ed.2d 458, 460-464, 100 S.Ct. 2432]. As stated in *Sun Ship* (*ibid.*), the original *Jensen* doctrine barred states from applying their compensation systems to maritime injuries. (*Southern Pacific Co.* v. *Jensen* (1917) 244 U.S. 205 [61 L.Ed. 1086, 37 S.Ct. 524].) Subsequently, the federal courts adopted the concurrent jurisdiction concept where the injury occurs in the twilight zone of "maritime but local." (*Sun Ship, Inc.* v. *Pennsylvania, supra,* 447 U.S. at pp. 717-719 [65 L.Ed.2d at pp. 460-462]; see *Calbeck* v. *Travelers Insurance Co.* (1962) 370 U.S. 114; 128-129 [8 L.Ed.2d 368, 377-378, 82 S.Ct. 1196].) Thus, before the 1972 amendments to LHWCA, the evolved law was that "maritime related injuries fell within one of three jurisdictional spheres as they moved landward," to wit: (1) nonlocal maritime injuries falling exclusively under LHWCA; (2) maritime, but local injuries upon navigable waters which could be compensated under either LHWCA or state

law; and (3) injuries suffered beyond navigable waters remedial under state law. (*Sun Ship, Inc.* v. *Pennsylvania, supra,* 447 U.S. at p. 719 [65 L.Ed.2d at p. 462].)

■ *Sun Ship* (*id.,* at p. 722 [65 L.Ed.2d at p. 464]) held that the 1972 amendments to LHWCA did not alter the existing law of concurrent federal-state jurisdiction in the sphere in which the state may constitutionally operate. Since the injury in *Sun Ship* occurred on a navigable river within the state, rather than offshore, the jurisdictional issue was not affected by the Outer Continental Shelf Land Act (OCSLA), which expressly extends LHWCA to the outer continental shelf. (43 U.S.C. § 1333(c).) The Supreme Court has subsequently held, however, that OCSLA does not preclude concurrent federal-state jurisdiction over actions for personal injuries occurring in the domain of the outer continental shelf. (*Gulf Offshore Co.* v. *Mobil Oil Corp.* (1981) 453 U.S. 473, 481-482 [69 L.Ed.2d 784, 793-794, 101 S.Ct. 2870]; see *Thompson* v. *Teledyne Movible Offshore, Inc.* (La. 1982) 419 So.2d 822, 824-825, appeal filed Jan. 10, 1983, Supreme Ct. Dock. No. 82-1156.)

*Thompson* (*ibid.*) involved facts substantially identical to the facts in the instant case. A derrick hand hired in Louisiana was injured while working on a fixed oil platform in tidal waters four miles off the Louisiana coastline. Louisiana's compensation laws included a provision similar to California Labor Code section 3600.5 extending compensation benefits to an employee injured in the course of his employment outside the state.[1] In a well-reasoned opinion discussing the evolutionary expansion of state-federal concurrent jurisdiction in the context of OCSLA-LHWCA, *Sun Ship, supra,* and *Gulf Offshore, supra,* the Louisiana Supreme Court concluded (419 So.2d at p. 828) that LHWCA is not the exclusively applicable workers' compensation statute for injuries occurring on the outer continental shelf, and that Louisiana state courts have subject matter jurisdiction over compensation litigation resulting from work performed on fixed oil platforms on the outer continental shelf. (See also *Kelly* v. *R. T. C. Shipbuilding Corp.* (1965) 87 N.J.Super. 313 [209 A.2d 340].)

Respondents' claim in oral argument that reference to exclusive federal jurisdiction in OCSLA (43 U.S.C. § 1333) precludes concurrent federal-state jurisdiction in the domain of the outer continental shelf is mistaken.[2] The Loui-

---

[1]California Labor Code section 3600.5 provides in part: "(a) If an employee who has been hired or is regularly employed in the state receives personal injury by accident arising out of and in the course of such employment outside of this state, he, or his dependents, in the case of his death, shall be entitled to compensation according to the law of this state." (See *Travelers Ins. Co.* v. *Industrial Acc. Com.* (1966) 240 Cal.App.2d 804 [50 Cal.Rptr. 114].)

[2]43 United States Code section 1333, provides in pertinent part: "(a)(1) The Constitution and laws and civil and political jurisdiction of the United States are hereby extended to the subsoil and seabed of the outer Continental Shelf and to all artificial islands and fixed structures which may be erected thereon for the purpose of exploring for, developing, removing, and transporting resources therefrom, to the same extent as if the outer Continental Shelf were an area of ex-

siana Supreme Court (*Thompson* v. *Teledyne Movible Offshore, Inc., supra,* 419 So.2d 822 at pp. 825-826), as well as the United States Supreme Court (*Gulf Offshore Co.* v. *Mobile Oil Corp., supra,* 453 U.S. at pp. 481-482 [69 L.Ed.2d at pp. 793-794]) determined that the statutory reference to exclusive federal jurisdiction did not so preclude federal-state concurrent jurisdiction.

■ Adopting the rationale in *Thompson, supra,* 419 So.2d 822, we conclude that the California Workers' Compensation Appeals Board has subject matter jurisdiction over petitioner's claim for compensation benefits. Consequently, the board's order denying jurisdiction must be annulled. The fact that petitioner also has a pending claim for benefits under LHWCA does not preclude prosecution of his claim before the WCAB, since any benefits he might receive in the federal proceeding may be credited against benefits he might receive in the instant proceedings. (*Travelers Ins. Co.* v. *Industrial Acc. Com., supra,* 240 Cal.App.2d 804, 810; see *Holland* v. *Harrison Bros. Dry Dock and Repair Yard, Inc.* (5th Cir. 1962) 306 F.2d 369, 373.) As noted in *Sun Ship, supra,* 447 U.S. at page 724 [65 L.Ed.2d at pages 465-466], where "state remedial schemes are more generous than federal law, concurrent jurisdiction could result in more favorable awards for workers' injuries than under an exclusively federal compensation system."

### DISPOSITION

The finding of respondent Workers' Compensation Appeals Board that it lacked jurisdiction in cases 82 SBA 34495 and 34859 and its ensuing order

---

clusive Federal jurisdiction located within a State: *Provided, however,* That mineral leases on the outer Continental Shelf shall be maintained or issued only under the provisions of this subchapter. [Italics original.]

". . . . . . . . . . . . . . . . . . . . .

"(b) The United States district courts shall have original jurisdiction of cases and controversies arising out of or in connection with any operations conducted on the outer Continental Shelf for the purpose of exploring for, developing, removing or transporting by pipeline the natural resources, or involving rights to the natural resources of the subsoil and seabed of the Outer Continental Shelf, and proceedings with respect to any such case or controversy may be instituted in the judicial district in which any defendant resides or may be found, or in the judicial district of the adjacent State nearest the place where the cause of action arose.

"(c) With respect to disability or death of an employee resulting from any injury occurring as the result of operations described in subsection (b) of this section, compensation shall be payable under the provisions of the Longshoremen's and Harbor Workers' Compensation Act. For the purposes of the extension of the provisions of the Longshoremen's and Harbor Workers' Compensation Act under this section—

"(1) the term 'employee' does not include a master or member of a crew of any vessel, or an officer or employee of the United States or any agency thereof or of any State or foreign government, or of any political subdivision thereof;

"(2) the term 'employer' means an employer any of whose employees are employed in such operations; and

"(3) the term 'United States' when used in a geographical sense includes the outer Continental Shelf and artificial islands and fixed structures thereon.

". . . . . . . . . . . . . . . . . . . . ."

dismissing the cases are annulled, and the matter is remanded to the board for further proceedings.

Spencer, P. J., and Lillie, J., concurred.

On June 29, 1983, the opinion was modified to read as printed above.