[No. A019518. First Dist., Div. Five. July 2, 1985.]

ESTHER SEIDE, Plaintiff and Appellant, v.
BETHLEHEM STEEL CORPORATION, Defendant and Respondent.

COUNSEL

Michael Friedman and Siegel, Friedman & Dickstein for Plaintiff and Appellant.

J. Stewart Harrison, James L. Miller, Kathleen P. Foster and Brobeck, Phleger & Harrison for Defendant and Respondent.

---

**OPINION**

**LOW, P. J.—**

 The nondependent parent of a deceased employee covered by the Longshoremen's and Harbor Workers' Compensation Act[1] (LHWCA) may not recover wrongful death tort damages from the employer.

Plaintiff Esther Seide appeals the dismissal of her wrongful death action brought against defendant Bethlehem Steel Corporation.[2] The judgment of dismissal was entered after the court sustained defendant's demurrer to plaintiff's first amended complaint and plaintiff did not file a second amended complaint within the required period of time. (Code Civ. Proc., § 581, subd. (c), former Code Civ. Proc., § 581, subd. (3).) On appeal, plaintiff contends that judgment should be reversed because her cause of action is not barred by either the LHWCA (33 U.S.C. § 901 et seq.) or Labor Code section 3600 et seq. We affirm.

On September 4, 1980, Laurence Ira Seide, plaintiff's son, was fatally injured on the *S. S. Charles Lykes,* an 18-ton vessel then berthed in San Francisco Bay beside a pier at defendant's shipyard. Seide, who had been employed by defendant to perform repair work on the *S. S. Charles Lykes,* was run over by defendant's forklift operated by another employee. At all relevant times, Seide was covered by the provisions of the LHWCA.

I

Plaintiff correctly argues that *Sun Ship, Inc.* v. *Pennsylvania* (1980) 447 U.S. 715 [65 L.Ed.2d 458, 100 S.Ct. 2432], rehearing denied 448 U.S. 916 [65 L.Ed.2d 1179, 101 S.Ct. 37], recognizes concurrent state and federal jurisdiction over *compensation claims* relating to injuries sustained by maritime employees on navigable waters of the United States. (See also *Calbeck* v. *Travelers Insurance Co.* (1962) 370 U.S. 114, 124, 126-127 [8 L.Ed.2d 368, 375, 376-377, 82 S.Ct. 1196]; *Bobbitt* v. *Workers' Comp. Appeals Bd.* (1983) 143 Cal.App.3d 845, 848-849 [192 Cal.Rptr. 267].) In support of her contention that her wrongful death action is not barred by

---

[1]This act was renamed Longshore and Harbor Workers' Compensation Act (Pub.L. No. 98-426, § 27(d)(1), 98 Stat. 1654 (Sept. 28, 1984).

[2]Plaintiff Carol Shaw, decedent's friend, does not join in this appeal.

the LHWCA, plaintiff argues that because a state may apply its own workers' compensation law to claims arising under the LHWCA, it may also apply its own tort law under such concurrent jurisdiction.

*Sun Ship, Inc.* v. *Pennsylvania, supra,* upon which plaintiff extensively relies, held that the 1972 amendments to the LHWCA extending compensation to land-based injuries did not preempt state workers' compensation laws. (447 U.S. 715, 719-720 [65 L.Ed.2d 458, 462-463].) In recognizing concurrent federal and state jurisdiction over maritime compensation claims, *Sun Ship, Inc.* neither discussed tort law nor a state's power to apply its own tort law to claims arising under the LHWCA.

■ Tort principles or common law concepts of the scope of employment are not relevant to compensation under the LHWCA. (See *Wolff* v. *Britton* (D.C. Cir. 1964) 328 F.2d 181, 185.) While maritime tort actions, including wrongful death, based on negligence or *unseaworthiness* may be brought under general maritime law, an employee covered by the provisions of the LHWCA, as Seide was, may not bring a negligence action for work-related injuries against an employer and is barred from bringing a damage action based on *unseaworthiness* against *either* an employer or a third party. (See 33 U.S.C. § 905(a), (b); *Parker* v. *South Louisiana Contractors, Inc.* (5th Cir. 1976) 537 F.2d 113, 117, rehg. den. 539 F.2d 710, cert. den. 430 U.S. 906 [51 L.Ed.2d 582, 97 S.Ct. 1175]; see also *Stance* v. *Jackson* (1984) 155 Cal.App.3d 838 [202 Cal.Rptr. 480] [holding that an action based on vicarious liability of vessel is barred by the LHWCA].) The inapplicability of tort law to the LHWCA was discussed in *Moragne* v. *State Marine Lines* (1970) 398 U.S. 375, 407 [26 L.Ed.2d 339, 360, 90 S.Ct. 1772]; the court noted that the LHWCA's principles of recovery are "wholly foreign to those of general maritime law—like most workmen's compensation laws, it deals only with the responsibilities of employers for death or injury to their employees, and provides standardized amounts of compensation *regardless of fault on the part of the employer.*" (Italics added.)

■ We are not persuaded by plaintiff's argument that decisions such as *Sun Ship, Inc.* have eroded the basic rule of *Southern Pacific Co.* v. *Jensen* (1917) 244 U.S. 205 [61 L.Ed. 1086, 37 S.Ct. 524], that no state statute is valid "if it contravenes the essential purpose expressed by an act of Congress or works material prejudice to the characteristic features of the general maritime law or interferes with the proper harmony and uniformity of that law in its international and interstate relations." (At p. 216 [61 L.Ed. at p. 1098].) The LHWCA was enacted 10 years after *Jensen* had been decided. The subsequent United States Supreme Court decisions which recognize concurrent jurisdiction between state and federal compensation schemes find an absence of interference with the uniformity and purpose of the maritime law as expressed in the LHWCA. (See *Calbeck* v. *Travelers Insurance Co., supra,* 370 U.S. 114, 124 [8 L.Ed.2d 368, 375, 82 S.Ct. 1196]; *Sun Ship,*

*Inc.* v. *Pennsylvania, supra,* 447 U.S. 715, 720-721 [65 L.Ed.2d 458, 463, 100 S.Ct. 2432]; see also *Hamilton* v. *County of Los Angeles* (1982) 131 Cal.App.3d 982, 986-988 [182 Cal.Rptr. 868].) The continuing validity of the *Jensen* rule is implicit in *Gulf Offshore Co.* v. *Mobil Oil Corp.* (1981) 453 U.S. 473 [69 L.Ed.2d 784, 101 S.Ct. 2870], where the court emphasized that its holding that states had concurrent jurisdiction over personal injury and indemnity actions arising under the Outer Continental Shelf Lands Act was *limited* to cases based on state law *incorporated* by the *act.* (At p. 480 [69 L.Ed.2d at p. 793].) ■ Even if plaintiff's wrongful death action had been outside the scope of the LHWCA, state tort law could not be applied. The basis of plaintiff's cause of action is a maritime tort since Seide was killed on the navigable waters of the United States. Federal maritime law would be controlling even if plaintiff had been seeking to enforce a state-created remedy. (See *Pope & Talbot, Inc.* v. *Hawn* (1953) 346 U.S. 406, 409 [98 L.Ed. 143, 151, 74 S.Ct. 202]; *Prohoroff* v. *Kawasaki Kisen Kaisha, Ltd.* (1979) 90 Cal.App.3d 640, 644-645 [153 Cal.Rptr. 287]; *Stance* v. *Jackson, supra,* 155 Cal.App.3d at pp. 843-844.)

Plaintiff's wrongful death action falls squarely within the provisions of the LHWCA: Seide was covered by the LHWCA at all relevant times and plaintiff's cause of action is barred by both federal and state compensation law.

Section 905(a) of the LHWCA (33 U.S.C. § 905) states that an employer's liability for compensation as prescribed in the act "shall be exclusive and in place of all other liability of such employer to the employee, his legal representative . . ., parents, dependents . . . . and anyone otherwise entitled to recover damages from such employer *at law or in admiralty* on account of such injury or death . . . ." (Italics added.) Section 905 effectively eliminates any underlying tort liability of the employer. (See *Robin* v. *Sun Oil Co.* (5th Cir. 1977) 548 F.2d 554, 556.)

There are two exceptions to LHWCA section 905's exclusiveness of liability:[3] The first, found in section 905(a), allows an injured employee or his legal representative an election either to claim compensation under the LHWCA or to maintain a damage action where an employer has *failed to pay compensation as required.* The elective remedy provision is not intended as an alternative to compensation, but as a penalty for noncomplying employers. (See *Gould* v. *Bird & Sons, Inc.* (1971) 5 Wn.App. 59 [485 P.2d 458, 461].) The second exception, judicially created, permits an employee to maintain a tort action if he can establish that his injury was inflict-

---

[3]Plaintiff's action against decedent's employer must be distinguished from a damage action brought against the vessel or shipowner. The action may be brought under 33 United States Code section 905(b) unless it is based on vicarious liability. (See *Stance* v. *Jackson, supra,* 155 Cal.App.3d at pp. 841-842.)

ed as the result of an intentional tort by his employer. (See *Houston* v. *Bechtel Assoc. Professional Corp.* (D.D.C. 1981) 522 F.Supp. 1094, 1096; *Austin* v. *Johns-Manville Sales Corp.* (D.Me. 1981) 508 F.Supp. 313, 316.) Otherwise, an employee's exclusive remedy against his employer is compensation under the LHWCA. (See *South Chicago Co.* v. *Bassett* (1940) 309 U.S. 251, 256 [84 L.Ed. 732, 735, 60 S.Ct. 544]; 33 U.S.C. § 933(i).) Neither exception is applicable to plaintiff, and her wrongful death action is barred by the LHWCA. Because her action is against Seide's employer, it is immaterial whether plaintiff's action is derivative or independent. (See *Murphy* v. *Woods Hole, Martha's Vineyard, Etc.* (1st Cir. 1976) 545 F.2d 235, 240.)

## II

California's workers' compensation law, Labor Code section 3600 et seq., parallels the provisions of the LHWCA relevant here. For employees covered by workers' compensation, the "[l]iability for the compensation provided by this division" is "in lieu of *any other liability* whatsoever *to any person*" (Lab. Code, § 3600, italics added); such compensation is the employee's exclusive remedy against an employer (Lab. Code, § 3601). ▮ Absent certain exceptions not applicable here, plaintiff's wrongful death action is barred by Labor Code sections 3600 and 3601.

Plaintiff argues that, because she is a nondependent parent and not entitled to any compensation under either the LHWCA and state workers' compensation laws, she should be allowed to maintain her cause of action. Plaintiff further argues that *Treat* v. *Los Angeles Gas etc. Corp.* (1927) 82 Cal.App. 610 [256 P. 447], which rejected a similar argument, was incorrectly decided. We disagree.

*Treat* v. *Los Angeles Gas etc. Corp., supra,* interpreted a provision in the Workers' Compensation Act that its compensation shall be "in lieu of any other liability whatsoever to any person." This language in the act should be read to exclude any employer liability to "any person whatsoever by reason of the injury accruing to the employee *whether such person be a dependent or nondependent.*" (*Id.,* at p. 616, italics added.) The *Treat* court examined the legislative history of the workers' compensation statute and found that the scheme " 'undertakes to supersede the common law altogether, and to create a different standard of rights and obligations, covering the entire field of injury to workmen in the course of their employment. . . .' " (*Id.,* at p. 614.) Despite the enactment of wrongful death remedies, *Treat* continues to be good law; its analysis of the purpose and function of a workers' compensation law has been reaffirmed by other courts. (See, e.g., *Renteria* v. *County of Orange* (1978) 82 Cal.App.3d 833, 840-841 [147 Cal.Rptr. 447]; *Williams* v. *Schwartz* (1976) 61 Cal.App.3d 628, 632-633 [131 Cal.Rptr. 200].) The statutory language upon which the *Treat* court

relied has been retained unchanged in the current workers' compensation statute, even though the statute itself has been amended several times.

Labor Code sections 3600 and 3601 bar plaintiff's wrongful death action. We decline to adopt plaintiff's construction of Labor Code sections 3600 and 3706 to mean that exclusiveness of remedy applies only to injured employees and their dependents. Plaintiff attempts to distinguish her case by arguing that the courts have only applied Labor Code section 3601's exclusiveness of remedy provision where an employee or dependent has been compensated under Labor Code section 3600. This distinction does not change the result. Nothing in the workers' compensation law requires a compensable injury before Labor Code section 3601 applies. "The existence of a noncompensable injury does not, by itself, abrogate the exclusive remedy provisions of the Workers' Compensation Act." (*Renteria* v. *County of Orange, supra,* 82 Cal.App.3d at p. 840.) We decline to carve out an exception for a nondependent parent, who is ineligible for compensation under workers' compensation, to allow her to maintain a tort action against an employer when an employee, who suffers a noncompensable injury during the course of employment, cannot. (See *Williams* v. *State Compensation Ins. Fund* (1975) 50 Cal.App.3d 116, 121-123 [123 Cal.Rptr. 812].) The comments of the *Williams* court, in finding the plaintiff and his wife there were barred from tort recovery under Labor Code sections 3600 and 3601, are apt: "[T]he work-connected injury engenders a single remedy against the employer, exclusively cognizable by the compensation agency and not divisible into separate elements of damage available from separate tribunals; a failure of the compensation law to include some element of damage recoverable at common law is a legislative and not a judicial problem." (*Id.,* at p. 122.)

The judgment of dismissal is affirmed.

King, J., and Haning, J., concurred.