Filed 8/28/23; Certified for Publication 9/19/23 (order attached)

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARTHA EVE JIMENEZ et al., | B322732 |
| Plaintiffs and Appellants, | Los Angeles County |
| v. | Super. Ct. No. 20STCV45863 |
| MRS. GOOCH'S NATURAL FOOD MARKETS, INC. | |
| Defendant and Respondent. | |

APPEAL from a judgment of the Superior Court of Los Angeles County, Mark A. Young, Judge. Affirmed.

Law Office of David M. Feldman and David M. Feldman for Plaintiffs and Appellants.

Brockman Quayle Bennett, Matthew E. Bennett and Rachel B. Kushner for Defendant and Respondent.

# INTRODUCTION

This case arises out of a tragic accident in which Timoteo Alejandro Martinez Ildefonso (the decedent) was hit by a pickup truck in a crosswalk at a major intersection. After the accident, the decedent, who was on a 15-minute work break, walked back to the Whole Foods market (the store) where he worked. There, store employees gave him an ice pack, a form to fill out relating to his injury, and a ride home. He died several hours later.

The decedent is survived by his wife and three children (plaintiffs) who filed this wrongful death action against several parties including Mrs. Gooch's Natural Food Markets, Inc. (Mrs. Gooch's), the parent company of the store and the decedent's employer. Mrs. Gooch's demurred to the operative first amended complaint because an administrative law judge and the Workers' Compensation Appeals Board had found the decedent's injury and death to be employment related and therefore within the scope of workers' compensation. And because workers' compensation is generally the exclusive remedy for such injuries, Mrs. Gooch's argued that the wrongful death suit is barred. Plaintiffs argued that two exceptions to the exclusive remedy rule apply: dual capacity and fraudulent concealment. The court found neither exception applied and sustained the demurrer without leave to amend. Finding no error, we affirm.

<h1 style="text-align:center">FACTS[1] AND PROCEDURAL BACKGROUND</h1>

## 1.   The Accident

The decedent worked at a Whole Foods store in Venice, California. While on a 15-minute break, the decedent left the store and was hit by a pickup truck while using a crosswalk at a nearby intersection. The driver stopped, spoke with the decedent, then returned to the car and drove away. The decedent walked back to the store where he told his supervisors that he was injured and wanted to go home. A store employee later drove him home. The decedent died a few hours later.

An administrative law judge and the California Workers' Compensation Appeals Board determined that the decedent's injuries arose out of his employment and occurred in the course of that employment.

## 2.   Complaint

Plaintiffs filed this wrongful death action against several parties including the decedent's employer, Mrs. Gooch's. Plaintiffs rely on two narrow exceptions to the general principle that workers' compensation is the exclusive remedy for workplace injury: dual capacity and fraudulent concealment (Lab. Code, § 3602, subd. (b)(2)).[2]

As to the dual capacity exception, plaintiffs allege that in addition to its role as the decedent's employer, Mrs. Gooch's acted as an emergency first aid responder after the decedent was

---

[1] In accordance with the standard of review, we accept as true all factual allegations contained in the operative complaint. (*Ivanoff v. Bank of America, N.A.* (2017) 9 Cal.App.5th 719, 725.)

[2] All undesignated statutory references are to the Labor Code.

injured in the crosswalk. In that capacity, Mrs. Gooch's caused a second injury for which it is liable.[3] Plaintiffs allege that when the decedent told store employees that he was injured and wanted to go home, they gave him an icepack and requested that he wait while they prepared forms for him to sign. After the decedent signed one form, another store employee drove him home. The store employees did not call 9-1-1, did not call the decedent's wife, did not allow the decedent to leave and obtain medical care, and did not drive him to a nearby emergency room. As a result, plaintiffs allege, the store employees failed to exercise reasonable care in rendering services to the decedent, and that failure was a substantial factor in causing harm to the decedent.

As to the fraudulent concealment exception, plaintiffs allege that store employees knew the decedent was injured but failed to disclose to him that his injury was connected to his employment. Plaintiffs allege that if the other employees had both disclosed that the injury was work related and treated it as such, they would have called an ambulance and instructed the decedent to wait to receive an examination by a paramedic. Further, under those circumstances, the decedent would likely have followed those instructions, as he had a few weeks prior to the accident when he cut his finger at work and was instructed to (and did) go to urgent care to have it treated. Plaintiffs also allege that the store employees' fraudulent concealment of the decedent's injury and its connection to his employment aggravated his injury by delaying critical emergency medical care. Specifically, the accident occurred at 9:33 p.m., the decedent

---

[3] The complaint does not identify or describe a second injury.

4

arrived at home at 10:01 p.m., and the decedent's wife arrived home at 11:13 p.m. and called 9-1-1. Approximately two hours passed between the accident and the decedent's first medical examination.

## 3. Demurrer

### 3.1. Demurrer

Mrs. Gooch's demurred to the operative first amended complaint, asserting the pleading failed to state facts sufficient to constitute a cause of action. (Code Civ. Proc., § 430.10, subd. (e).) Mrs. Gooch's conceded that the decedent's injury was employment related and suggested that workers' compensation benefits had already been paid. But plaintiffs sought to avoid the workers' compensation exclusive remedy rule by citing two exceptions: employer's dual capacity and employer's fraudulent concealment.

Mrs. Gooch's noted that the dual capacity exception generally allows employees to obtain relief in tort when work related injuries are aggravated by an employer that steps into a non-employer role, as when a physician or hospital employer treats the employee's injury. But Mrs. Gooch's argued that where, as here, an employer simply provides medical treatment incidental to the employment relationship, such as basic first aid administered by coworkers, the exception does not apply.

Additionally, and as to the fraudulent concealment exception, Mrs. Gooch's observed that the exception only applies where the employer conceals from the employee both the injury and the connection between the injury and employment. In the present case, the decedent was fully aware of his injury from the

time of the accident, thereby rendering the exception inapplicable.

### 3.2. Opposition

In opposition, plaintiffs submitted a declaration by their attorney attaching a number of documents and purporting to attest to certain relevant facts. Specifically, the attorney described the content of video footage from the store taken on the night of the accident which had been produced during discovery and relayed several statements purportedly made by percipient witnesses during the discovery process.

Regarding the dual capacity exception, plaintiffs argued that the allegations of the complaint, if true, establish that the exception applies. Specifically, after the decedent sustained his first injury (being hit by the pickup truck), Mrs. Gooch's acted as both his employer and as an emergency first aid responder. And in providing first aid, Mrs. Gooch's caused a second injury to the decedent. Accordingly, plaintiffs asserted they were entitled to recover for injuries sustained as a result of Mrs. Gooch's negligent undertaking of the decedent's emergency care.

As to the fraudulent concealment exception, plaintiffs conceded that the decedent was aware of his injury after the accident. But, the complaint alleges, the decedent was not aware that the injury was caused by a work-related event. As a result, plaintiffs claimed, the decedent was prevented from obtaining immediate emergency medical care and the consequent two-hour delay in treatment aggravated his injuries and resulted in his death.

### 3.3. Reply

In reply, Mrs. Gooch's objected to plaintiffs' attorney's declaration and the attached documents. Further, Mrs. Gooch's asserted that the provision of ice to an injured employee by his coworkers was not sufficient to render an employer an emergency first aid responder, as plaintiffs claimed. And as to the fraudulent concealment issue, Mrs. Gooch's noted that the decedent was fully aware of his injury and must have been aware that the injury was related to employment because the store employees requested that he sign employment related forms immediately after his injury.

### 4. Ruling

The court sustained the demurrer without leave to amend based on the principle that the workers' compensation system provides the exclusive remedy for employment-related injury. With respect to the attorney declaration and attachments submitted by plaintiffs, the court noted those items were improper and did not consider them.[4]

Regarding the dual capacity exception, the court noted that the exception is extremely narrow. The court described the leading case, *Duprey v. Shane* (1952) 39 Cal.2d 781 (*Duprey*), a case in which an employee nurse was injured on the job. The employer doctors treated the nurse and aggravated her initial injury. (*Id.* at pp. 785–790.) The court held, under the dual capacity doctrine, that workers' compensation barred an action against the employer relating to the initial injury, but the nurse

---

[4] Because plaintiffs do not challenge the court's evidentiary ruling, we do not describe the evidence or the ruling in detail.

retained the ability to sue her employer for negligence with respect to the treatment of the injury, i.e., the injury sustained when her employer acted in a second or dual capacity as her treating doctor. By contrast, the court noted, other courts have held that the dual capacity exception does not apply when an employee receives medical services incidental to employment, i.e., because of the injured person's status as an employee. The court found that in the present case, the dual capacity exception does not apply because the operative complaint does not identify either a second injury or any negligent medical treatment provided by the store employees. Further, the court found that "[f]ailing to render aid does not equate to aggravating injury with such aid."

As to the fraudulent concealment exception, the court noted that an employer may be liable for aggravating an employee's injury where it conceals from the employee both the injury and the injury's connection with employment. The court found that the complaint does not allege that Mrs. Gooch's concealed the injury and, in fact, alleges that the decedent reported his injury to his employer in the first instance. Because the complaint does not allege that Mrs. Gooch's concealed any information relating to the decedent's injury, the fraudulent concealment exception cannot apply.

**5.    Judgment and Appeal**

The court entered a judgment of dismissal on July 5, 2022. Plaintiffs timely appeal.

# DISCUSSION

## 1. Standard of Review

We independently review a trial court's order sustaining a demurrer to determine whether the operative complaint alleges facts sufficient to state a cause of action. (*Ivanoff v. Bank of America, N.A., supra*, 9 Cal.App.5th at p. 725.) We assume the truth of all properly pled factual allegations and matters that are judicially noticeable. (*Ibid*.) We also liberally construe the complaint's allegations with a view toward substantial justice. (*Quelimane Co. v. Stewart Title Guaranty Co.* (1998) 19 Cal.4th 26, 43, fn. 7.) But where facts appearing in attached exhibits or judicially noticed documents contradict, or are inconsistent with, the complaint's allegations, we must rely on the facts in the exhibits and judicially noticed documents. (*Ivanoff*, at p. 726.)

When a demurrer is sustained without leave to amend, we decide whether there is a reasonable possibility that the plaintiff can amend the pleading to cure the defect. (*Blank v. Kirwan* (1985) 39 Cal.3d 311, 318.) If the defect can be cured, the trial court has abused its discretion and we reverse; if not, there has been no abuse of discretion and we affirm. (*Ibid*.) The burden of proving such reasonable possibility is squarely on the plaintiff. (*Ibid*.) Such a showing may be made for the first time on appeal. (*Smith v. State Farm Mutual Automobile Ins. Co.* (2001) 93 Cal.App.4th 700, 711; *City of Torrance v. Southern California Edison Co.* (2021) 61 Cal.App.5th 1071, 1083–1084.)

Finally, " 'we do not review the validity of the trial court's reasoning but only the propriety of the ruling itself. [Citations.]' [Citation.]" (*Align Technology, Inc. v. Tran* (2009) 179 Cal.App.4th 949, 958.) Accordingly, we will affirm the " 'trial

court's decision to sustain the demurrer [if it] was correct on any theory. [Citation.]' [Citation.]" (*Ibid.*)

## 2. The court properly sustained the demurrer without leave to amend.

### 2.1. Background: Workers' Compensation

"First created more than a century ago, California's workers' compensation system is now governed by the Workers' Compensation Act (WCA; Lab. Code, § 3200 et seq.), 'a comprehensive statutory scheme governing compensation given to California employees for injuries incurred in the course and scope of their employment.' [Citations.] At the core of the WCA is what we have called the ' " 'compensation bargain.' " ' ([*Charles J. Vacanti, M.D., Inc. v. State Comp. Ins. Fund* (2001) 24 Cal.4th 800, 811].) Under this bargain, ' "the employer assumes liability for industrial personal injury or death without regard to fault in exchange for limitations on the amount of that liability." ' (*Ibid.*) The employee, for his or her part, ' "is afforded relatively swift and certain payment of benefits to cure or relieve the effects of industrial injury without having to prove fault but, in exchange, gives up the wider range of damages potentially available in tort." ' (*Ibid.*)" (*King v. CompPartners, Inc.* (2018) 5 Cal.5th 1039, 1046–1047 (*King*).)

"To give effect to the compensation bargain underlying the system, the WCA generally limits an employee's remedies against an employer for work-related injuries to those remedies provided by the statute itself. Labor Code section 3600, subdivision (a) provides that workers' compensation liability 'shall, without regard to negligence, exist against an employer for any injury sustained by his or her employees arising out of and in the course

of the employment … in those cases where the … conditions of compensation concur.' Subject to certain enumerated exceptions not relevant here, this liability is 'in lieu of any other liability whatsoever.' (Lab. Code, § 3600, subd. (a).)" (*King, supra*, 5 Cal.5th at p. 1051, fn. omitted.)

As noted, *ante*, the Workers' Compensation Appeals Board confirmed the decedent's injury arose out of and occurred in the course of his employment. Typically, workers' compensation is "the sole and exclusive remedy of the employee or his or her dependents against the employer." (§ 3602, subd. (a); *King, supra*, 5 Cal.5th at p. 1051.) The exclusive remedy rule generally bars wrongful death actions arising out of an industrial injury. (See *Melendrez v. Ameron Internat. Corp.* (2015) 240 Cal.App.4th 632, 642; *Seide v. Bethlehem Steel Corp.* (1985) 169 Cal.App.3d 985, 991.) Plaintiffs argue, however, that two exceptions to the exclusive remedy rule apply here. We address those exceptions in turn.

### 2.2. Dual Capacity

Plaintiffs first argue that Mrs. Gooch's, through its employees, acted in a dual capacity following the accident. Specifically, in addition to acting as the decedent's employer, plaintiffs urge that Mrs. Gooch's also acted as a "provider of emergency first aid services" subject to liability for negligence outside the workers' compensation scheme. We reject this argument.

As explained, if an employee's injury "aris[es] out of and in the course of the employment" (§ 3600, subd. (a)), and is "proximately caused by the employment, either with or without negligence," (*id.,* subd. (a)(3)), the employee's remedy is confined to workers' compensation benefits from the employer.

11

(*D'Angona v. County of Los Angeles* (1980) 27 Cal.3d 661, 664.)
There is a judicially recognized exception to the exclusive remedy
rule known as the " 'dual capacity doctrine.' " (*Hendy v. Losse*
(1991) 54 Cal.3d 723, 730; see *King, supra*, 5 Cal.5th at p. 1054.)
This doctrine "posits that an employer may have or assume a
relationship with an employee other than that of employer-
employee, and that when an employee seeks damages for injuries
arising out of the secondary relationship the employee's claim is
not subject to the exclusive remedy provisions of the Workers'
Compensation Act." (*Hendy*, at p. 730; *King,* at p. 1054 [same];
see also *Gund v. County of Trinity* (2020) 10 Cal.5th 503, 525 ["A
plaintiff may pursue tort claims for intentional misconduct that
has only a questionable relationship to the employment, an
injury that did not occur while the employee was performing a
service incidental to and a risk of the employment, or where the
employer stepped out of its proper role. [Citation.] These types of
injuries are beyond the [workers'] compensation bargain."].)

For example, in the leading case of *Duprey, supra,* 39
Cal.2d 781, the employee of a chiropractic partnership received
workers' compensation benefits for an injury she suffered in the
course of her employment. Nevertheless, the court held the
employee could bring an action at law against her employer for
the aggravation of the injury caused by the employer's negligent
medical treatment. The court reasoned that the employer had no
obligation to treat the employee himself but, once he undertook to
do so, there was no logical reason that he should not be held
responsible in a civil action for professional negligence. The
employer did not treat the injury because of the employer-
employee relationship, but, rather, treated the employee as an
attending doctor. Thus, with respect to the aggravated injury, the

12

court held, their relationship was that of doctor and patient. (*Id.* at p. 793.)

The *Duprey* rationale was followed in a number of cases including *D'Angona v. County of Los Angeles, supra,* 27 Cal.3d 661, *Sturtevant v. County of Monterey* (1991) 228 Cal.App.3d 758, and *Weinstein v. St. Mary's Medical Center* (1997) 58 Cal.App.4th 1223. In each of these cases, an employee suffered an initial injury on the job and thereafter sought treatment for that industrial injury from a medical provider who also happened to be the employee's employer. Because the medical provider had no obligation to treat the employee, the courts permitted a medical malpractice action against the employer to proceed when the employer's professional negligence aggravated the injury. (E.g., *Weinstein,* at pp. 1232–1235.)

By contrast, workers' compensation is an employee's exclusive remedy when the employee obtains medical treatment from the employer under circumstances incidental to the employment relationship. For example, in *Bell v. Macy's California* (1989) 212 Cal.App.3d 1442 (disapproved on a separate ground in *Snyder v. Michael's Stores, Inc.* (1997) 16 Cal.4th 991, 1000), the employer provided a first-aid dispensary and clinic for its employees. A pregnant employee became ill at work and sought treatment at the in-house clinic. Because of the attending nurse's negligence, the employee's then-unborn baby eventually died. The court held that in providing a medical clinic for its employees, the employer never stepped out of its role as an employer and into that of a medical care provider. (*Bell,* at pp. 1450–1451.) The employee attended the clinic as an employee, not as a member of the public, and therefore the dual capacity exception did not apply. Rather, the court held, the employee's

injury arose out of the employment relationship and occurred in the course of employment. (*Ibid.*)

Similarly, in *Alander v. VacaValley Hospital* (1996) 49 Cal.App.4th 1298, the hospital employer provided testing and treatment to any employee possibly exposed to tainted blood or bodily fluids. This treatment was provided as an employee health benefit. While voluntarily undergoing treatment pursuant to this benefit, an employee suffered nerve damage. The court held the employee was injured in the course of employment. In electing to receive the treatment at the employer hospital, the employee was asserting her right as an employee to one of the benefits of her employment. Further, the employer was fulfilling its obligation under the employment protocol as an employer, and not as a medical provider. (*Id.* at pp. 1306–1307.)

Plaintiffs attempt to analogize the present case to *Duprey* and similar cases in which an injured employee was allowed to pursue a medical malpractice claim against an employer who was also a treating medical professional. But this case is plainly distinguishable from those cases because plaintiffs do not allege that either Mrs. Gooch's or the store employees who rendered first-aid assistance were medical professionals. Instead, plaintiffs apparently seek to expand the dual capacity doctrine to include a negligent undertaking theory. Plaintiffs cite no case holding that a negligent undertaking theory is viable in these circumstances nor do they offer any legal support for their suggestion that we expand the scope of the dual capacity exception. Indeed, they do not even discuss the legal requirements of their negligent undertaking theory. On that basis, we may consider the argument forfeited. (See *Hernandez v. First Student, Inc.* (2019) 37 Cal.App.5th 270, 277 [noting courts "may and do 'disregard

14

conclusory arguments that are not supported by pertinent legal authority or fail to disclose the reasoning by which the appellant reached the conclusions he wants us to adopt' "]; *Keyes v. Bowen* (2010) 189 Cal.App.4th 647, 655–656 [noting that matters not properly raised or that lack adequate legal discussion will be deemed forfeited]; *Dietz v. Meisenheimer & Herron* (2009) 177 Cal.App.4th 771, 799 [noting that if an appellant fails to support a claim with reasoned argument and citations to authority the court of appeal may treat that claim as waived].)

In any event, the allegations of the complaint indicate that the decedent received first aid assistance from Mrs. Gooch's in its capacity as his employer. Plaintiffs allege that when the decedent returned to "the store and told his supervisors that he was injured and wanted to go home[,] [t]hey told him to wait, they examined his head[,] and gave him ice to apply to the injured area. Then, as Decedent waited in the seating area of the store bleeding from his head with an icepack, his supervisors were in the kitchen printing several forms and discussing which ones he needed to fill out. Eventually[,] the supervisors presented Decedent with a single form to sign, which he did. Then the supervisors had a co-worker drive Decedent home instead of to the hospital." Nothing about these allegations suggests that the employees or Mrs. Gooch's assumed a separate and independent role as purveyors of medical services unrelated to the employment relationship, as the employers did in *Duprey* and similar cases. Rather, this case is most similar to *Bell v. Macy's California, supra,* 212 Cal.App.3d 1442 in which the plaintiff employee was not allowed to sue her employer for negligent medical care she received in a company clinic for employees.

15

### 2.3. Fraudulent Concealment

Plaintiffs also argue that the fraudulent concealment exception to the exclusive remedy rule applies. We reject this argument as well.

The fraudulent concealment exception is found in section 3602, subdivision (b)(2).[5] To withstand a demurrer, an employee must "in general terms" plead facts that if found true by the trier of fact, establish the existence of three essential elements: (1) the employer knew that the plaintiff had suffered a work-related injury; (2) the employer concealed that knowledge from the plaintiff; and (3) the injury was aggravated as a result of such concealment. (*Foster v. Xerox Corp.* (1985) 40 Cal.3d 306, 312; *Palestini v. General Dynamics Corp.* (2002) 99 Cal.App.4th 80, 89–90.) "If any one of these conditions is lacking, the exception does not apply and the employer is entitled to judgment in its favor. [Citation.]" (*Silas v. Arden* (2012) 213 Cal.App.4th 75, 91.)

Critically for our purposes, "[t]he exception does not apply where the employee was aware of the injury at all times. [Citation.]" (*Silas v. Arden, supra*, 213 Cal.App.4th at p. 91.) This point is fatal to plaintiffs' argument. The complaint does not allege that the decedent was unaware of his injury. Nor could it reasonably do so—the nature of the accident must have apprised

---

[5] That section provides, in pertinent part: "An employee, or his or her dependents in the event of his or her death, may bring an action at law for damages against the employer, as if this division did not apply, in the following instances: [¶] … [¶] Where the employee's injury is aggravated by the employer's fraudulent concealment of the existence of the injury and its connection with the employment, in which case the employer's liability shall be limited to those damages proximately caused by the aggravation."

16

the decedent that he was injured. Moreover, according to the operative complaint, Mrs. Gooch's was unaware of the decedent's injury until he advised his supervisors that he had been in an accident. Thus, the allegations of the operative complaint establish that the fraudulent concealment exception to the workers' compensation exclusivity rule does not apply as a matter of law.

### 2.4.  Amendment

As noted, *ante*, when a demurrer is sustained without leave to amend, we must decide whether there is a reasonable possibility that a plaintiff can amend the pleading to cure the defect. (*Blank v. Kirwan, supra*, 39 Cal.3d at p. 318.) The burden of proving such reasonable possibility is squarely on the plaintiff. (*Ibid.*)

Plaintiffs did not argue below, and do not explicitly argue on appeal, that they should be granted leave to further amend their complaint. But because we have determined that the fraudulent concealment exception does not apply as a matter of law, any amendment relating to that theory would be fruitless. And as to the dual capacity exception, plaintiffs have not identified what additional facts, if any, they could allege to state a viable cause of action against Mrs. Gooch's. They simply note, in passing, that the court should have granted leave to amend "to allow plaintiffs to gather more evidence." We assume, then, that plaintiffs lack a reasonable basis to add or amend allegations in the complaint. As such, it appears there is no reasonable possibility that plaintiffs can amend the pleading to cure the defect.

## DISPOSITION

The judgment of dismissal is affirmed. Respondent Mrs. Gooch's Natural Foods Markets shall recover its costs on appeal.

LAVIN, Acting P. J.

WE CONCUR:


EGERTON, J.


ADAMS, J.

Filed 9/19/23

**CERTIFIED FOR PUBLICATION**

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

SECOND APPELLATE DISTRICT

DIVISION THREE

| | |
|---|---|
| MARTHA EVE JIMENEZ et al., <br><br> Plaintiffs and Appellants, <br><br> v. <br><br> MRS. GOOCH'S NATURAL FOOD MARKETS, INC. <br><br> Defendant and Respondent. | B322732 <br><br> Los Angeles County Super. Ct. No. 20STCV45863 <br><br> **Order Certifying Opinion for Publication** <br><br> [No change in judgment] |

BY THE COURT:*

      Defendant and Respondent has requested that our opinion in the above-entitled matter, filed August 28, 2023, be certified for publication. It appears that our opinion meets the standards set forth in California Rules of Court, rule 8.1105(c). The opinion is ordered published in the Official Reports.

      There is no change in judgment.

*LAVIN, Acting P. J.      EGERTON, J.      ADAMS, J.