**Aaron ENSLOW, Plaintiff,**

**v.**

**UNITED STATES of America, Defendant.**

**No. CV 91–4335 RSWL (GHKx).**

United States District Court, C.D. California.

Nov. 25, 1992.

Thomas M. Monson, Barbara K. Meserve, Miller, Ewald, Monson, Hoshaw & Schechter.

## ORDER

LEW, District Judge.

Defendant United States of America in the above-captioned action filed a motion

for summary judgment, and the Court heard oral argument from both parties on November 23, 1992. Now, having carefully considered all the arguments in support of and in opposition to the motion, the Court hereby issues the following order:

Defendant's Motion for Summary Judgment is GRANTED and the action is DISMISSED for lack of subject matter jurisdiction.

## I. BACKGROUND

Plaintiff Aaron Enslow has filed this wrongful death claim under the Federal Tort Claims Act to recover for the death of his father, Kenneth E. Enslow. Kenneth Enslow died as a result of injuries sustained while working as a fire fighter to suppress the Recer Fire in the Mendocino National Forest during August 1990. He was part of a strike team provided by the California Department of Forestry and Fire Protection ("CDF") under contract to the U.S. Department of the Interior and Bureau of Land Management ("U.S. forest agencies"). The decedent was recruited to fight the Recer Fire pursuant to a Cooperative Fire Protection Agreement between the United States Department of Interior, Bureau of Land Management; United States Department of Agriculture Forest Service Regions Four, Five and Six; and the State of California Department of Forestry and Fire Protection (the "contract").

During the fire, a burning dead tree gave way and struck Enslow on the head, breaking his helmet. He was taken by helicopter to a hospital where he died the next day as a result of the head injury. Plaintiff alleges that because the U.S. forest agencies failed to adequately supervise and provide for the safety of the fire fighters battling the Recer Fire, the decedent was struck by the snag. Had the Defendant taken adequate safety precautions, decedent would not have walked into the path of the falling tree and the accident would not have occurred.

Defendant contends that as a result of the contract between the U.S. forest agencies and the CDF, the Government was the "statutory employer" and, as such, is immune from suit. Accordingly, this Court lacks subject matter jurisdiction over this wrongful death action because the state worker's compensation agency has exclusive jurisdiction over such claims. Plaintiff has opposed the motion on two grounds: First, Plaintiff contends that this same argument was before the Court on Defendant's prior summary judgment motion. Second, the Government was not the decedent's "statutory employer" and is not immune from suit.

## II. DISCUSSION

### A. Effect of the Court's October 26, 1992, Denial of Summary Judgment

Plaintiff argues that this Court should deny the current summary judgment motion because Defendant raised this issue in its reply to Plaintiff's opposition to the prior summary judgment motion and "had ample opportunity to address this issue at the October 26, 1992, hearing." Plaintiff asserts that Defendant must properly file a motion for reconsideration of this Court's October 26, 1992, ruling.

It is true that Defendant's reply brief raised the "statutory employer" issue in a footnote. However, as discussed above, the Court made no finding regarding the Government's "statutory employer" status. The summary judgment motion was denied on other grounds. Because this Court has not previously ruled on this issue, reconsideration of its prior ruling does not appear necessary.

■ Furthermore, this motion challenges the Court's subject matter jurisdiction over the action. A lack of subject matter jurisdiction may be raised by the parties at any time, or by the court *sua sponte*. *Clark v. Paul Gray Inc.*, 306 U.S. 583, 59 S.Ct. 744, 83 L.Ed. 1001 (1939); *Rath Packing Co. v. Becker*, 530 F.2d 1295, 1303 (9th Cir.1975), *aff'd sub nom. Jones v. Rath Packing Co.*, 430 U.S. 519, 97 S.Ct. 1305, 51 L.Ed.2d 604 (1977). Therefore, this Court will consider Defendant's motion on its merits.

### B.  Standard for Summary Judgment on the Issue of Subject Matter Jurisdiction

The Government has moved for summary judgment under Fed.R.Civ.P. 56, but the motion is phrased in terms of an attack on the Court's subject matter jurisdiction.[1] Plaintiff's complaint properly alleged subject matter jurisdiction pursuant to the Federal Tort Claims Act (FTCA), 28 U.S.C. § 1346(b), and supplemental jurisdiction, 28 U.S.C. § 1367(a).  The complaint alleged that decedent was employed by CDF.  It does not allege that decedent was employed by the Federal Government, although it does allege the existence of a cooperative agreement between the federal and state agencies and has attached copies of the documents.

The Government's motion is based on the grounds that under California law, the state worker's compensation agency has exclusive jurisdiction over an action against an employer for injury or wrongful death in the course of employment.  The Government's theory is that as a result of the contract between the U.S. forest agencies and the CDF, the Government was the decedent's "statutory employer" under California worker's compensation law.

However, some federal courts, including the Ninth Circuit, have characterized this issue of "statutory employer" immunity from FTCA liability as a defense invoked by the Government.  *See Kirk v. United States,* 232 F.2d 763, 765 (9th Cir.1956) (characterizing argument that Government was employer under Idaho workmen's compensation law as defense); *Roelofs v. United States,* 501 F.2d 87, 89 (5th Cir.1974) (framing issue as whether Government may invoke a defense available to private employers under state worker's compensation statute), *cert. denied,* 423 U.S. 830, 96 S.Ct. 49, 46 L.Ed.2d 47 (1975); *Prescott v. United States,* 523 F.Supp. 918, 930 (D.Nev.1981) (framing issue as whether Government may assert defense based on state worker's compensation laws in action arising out of federal project on federal property), *aff'd* 731 F.2d 1388 (9th Cir. 1984).

The Ninth Circuit has recognized that the Federal Government may assert a "statutory employee-employer" relationship defensively.  *See Kirk,* 232 F.2d at 765.  Summary judgment on this defense would be appropriate if there is no genuine issue of material fact and the Government is entitled to judgment as a matter of law.  Fed. R.Civ.P. 56.  The Government bears the burden of proof at trial on an affirmative defense.  In order to prevail on its summary judgment motion, the Government must identify an absence of a genuine material issue of fact regarding its status as statutory employer.  *See Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 2553, 91 L.Ed.2d 265 (1986) (holding moving party bears initial responsibility to show absence of genuine material issue of fact).  In addition, the Government must show that it is entitled to judgment as a matter of law.  *See Calderone v. United States,* 799 F.2d 254, 259 (6th Cir.1986) (finding where moving party bears burden at trial it must show entitlement to judgment as a matter of law).

In order to prove an affirmative defense, a preponderance of the evidence standard applies.  On this motion, the Government must present enough evidence to allow a reasonable trier of fact to find by a preponderance that the Government was the decedent's "statutory employer."  *See Anderson v. Liberty Lobby,* 477 U.S. 242, 252, 106 S.Ct. 2505, 2512, 91 L.Ed.2d 202 (1986) (holding that moving party's evidence is judged by standard of proof at trial).  The Court does not weigh the parties' evidence, but views the evidence in the light most favorable to the Plaintiff with

---

**1.**  The Ninth Circuit has recognized that where a jurisdictional issue is raised on a motion for summary judgment, a court may treat the motion as a motion to dismiss for lack of subject matter jurisdiction under Rule 12(b)(1).  *Thornhill Publishing Co. v. General Telephone & Electronics,* 594 F.2d 730, 733 (9th Cir.1979).  However, where the material facts are not in dispute, the court need not decide whether to apply summary judgment standards or whether to consider this motion as purely jurisdictional which would allow the court to decide disputed fact issues.  *Id.*

all justifiable inferences drawn in his favor. *Id.* at 255, 106 S.Ct. at 2513.

*C. Whether the Federal Government Was Decedent's Statutory Employer Under California Worker's Compensation Laws*

■ Pursuant to California Labor Code §§ 3600 and 3602, worker's compensation payment is the exclusive remedy against an employer for injury sustained by an employee arising out of the employment. Cal. Lab.Code §§ 3600, 3602 (West 1989). Neither an employee, nor his dependents in the event of the employee's death, may bring an action at law for damages against the employer. *Id.; Williams v. State Compensation Ins. Fund*, 50 Cal.App.3d 116, 119–20, 123 Cal.Rptr. 812, 813 (1975); *Martin v. Phillips Petroleum Co.*, 42 Cal. App.3d 916, 918, 117 Cal.Rptr. 269, 270 (1974).

The determination of whether this wrongful death claim is barred by California law, rests on the question of whether the Government—if it were a private person—would then be the decedent's "employer" for purposes of the California worker's compensation laws. *Kirk*, 232 F.2d at 767. California law provides that a person (or entity) may be deemed to be the employer of another person even when the first party is not in fact the employer of the second. *See Kowalski v. Shell Oil*, 23 Cal.3d 168, 174–75, 151 Cal.Rptr. 671, 674–75, 588 P.2d 811 (1979) (stating that the possibility of dual employment by "general" employer and "special employer" is well-recognized in case law). If dual employment exists, the injured worker is barred from maintaining a personal injury action against either employer. *Id.* at 175, 151 Cal.Rptr. at 675, 588 P.2d 811.

■ To determine whether a "special employment" relationship exists, an agreement may purport to establish an employment relationship, however the terms of a contract are not conclusive evidence. *Id.* at 176–77, 151 Cal.Rptr. 675–76, 588 P.2d 811. The primary consideration is whether the special employer has the right to control and direct the activities of the alleged employee or the manner and method in which the work is performed. *Id.* at 176, 151 Cal.Rptr. at 676, 588 P.2d 811. Several factors constitute evidentiary indicia of a special employment relationship: (1) power to discharge a worker; (2) payment of wages; (3) nature of the services; (4) duration of employment period; and (5) provision of work tools. *Id.* at 177, 151 Cal. Rptr. at 676, 588 P.2d 811; *Martin*, 42 Cal.App.3d at 272–73, 117 Cal.Rptr. at 272–73.

■ In the present case, the terms of the agreement coupled with the factual allegations in Plaintiff's complaint together provide sufficient evidence to establish that a special employment relationship was created. Under the contract terms, the federal agencies made payment to CDF to compensate for "salary, overtime, employee benefit cost, travel, and subsistence related directly to the fire, for all personnel." It is also clear from the agreement that the work the decedent performed was part of the U.S. forest agencies regular business, namely fire fighting. The agreement also required that "the protecting agency shall retain responsibility for command of all fire suppression action if a qualified employee of that agency is present at the fire."

Plaintiff's complaint alleged that a U.S. Department of Agriculture crew liaison officer supervised the decedent's crew at the Mendocino National Forest site. It further alleged that the Defendants failed to adequately warn the decedent of the immediate danger of the burning snag and failed to take adequate precautionary measures at the site to mark or dispose of the snag. The complaint also stated that the Defendants should have dismissed the decedent from the hoselay operation.

In sum, when taken together the contract and the Plaintiff's alleged facts sufficiently show that the U.S. forest agencies exercised control over the details of the decedent fire fighter's work. Such control strongly supports an inference that a special employment exists. *Kowalski*, 23 Cal.3d at 176, 151 Cal.Rptr. at 676, 588 P.2d 811. This Court finds as a matter of law that the U.S. forest agencies were the

decedent's "statutory employer." As a result, worker's compensation constitutes the sole remedy against the employer, Cal.Lab. Code § 3601, and this cause of action is barred.

IT IS SO ORDERED.